## TRUMAN MCDONALD V. THE STATE.

No. 17045. Delivered November 28, 1934.
Rehearing Denied January 9, 1935.
Reported in 77 S. W. (2d) 685.

The opinion states the case.

*Jack P. Bond,* of Terrell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing whisky for purposes of sale; punishment, one year in the penitentiary.

By supplemental brief appellant insists that the indictment herein is insufficient in the light of our holding in the case of Bob Offield v. State, No. 16725, opinion handed down October 31, 1934*. The indictment in this case specifically charged appellant with possessing for the purpose of sale,—whisky.

In the court's charge he submitted the case upon the pointed issue of guilt predicated upon the possession of whisky for the purpose of sale. An indictment charging the manufacture, sale, transportation or possession of whisky is good anywhere in Texas under the present law, as was specifically held in the Offield case, supra.

Appellant complains by a number of bills of exception of the reception of testimony as to what was found in his possession as the result of a search of his service station,—the objection being founded upon various defects alleged to exist in the affidavit and search warrant. Examining the record, we note that appellant took the witness stand in his own behalf and admitted the presence of the whisky at the time and place covered by the testimony of the officers. His contention was that some parties had just come into his place with a car, one of whom was drinking, and that he knew nothing about how the whisky came to be in the place. He testified that he had never seen it until the officers had it. He admitted that he lived at the station "where the whisky was found." He further testified that when the officers came and went into his house "I went on in and they had found the whisky, I believe, when I got in there. I did not know anything about the whisky being in there."

Authorities are too numerous to need citation holding that complaints of the reception of evidence are of no avail where by other testimony the same evidence is put before the jury without objection.

By reason of the fact that the whisky was found in appellant's home at which he was present, the case is not one of circumstantial evidence, and the court did not err in declining to submit same on that theory.

Not being able to agree with any of the contentions made by appellant, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*

(*Reported on page 237 of this volume).

### ON MOTION FOR REHEARING

MORROW, PRESIDING JUDGE.—The motion for rehearing is based mainly upon the contention that the State relied upon the testimony of officers touching matters disclosed through the execution of an invalid search warrant.

The affidavit for the search warrant, after describing the place to be searched, contains the following: "Said station is

operated by person or persons unknown at this time to affiants."

The statute upon the subject, article 310, C. C. P., reads as follows:

"A warrant to search for and seize property alleged to have been stolen and concealed at a particular place may be issued by a magistrate, whenever written sworn complaint is made to such magistrate, setting forth:

"1. The name of the person accused of having stolen or concealed the property; or, if his name be unknown, giving a description of the accused, or stating that the person who stole or concealed the property is unknown."

The legal precedents are to the effect that, if the name of the owner is known, it must be stated, but, if unknown and his identity is known, he must be described; but when neither his name nor identity is known, he must be described as unknown. See Naulls v. State, 115 Texas Crim. Rep., 44; Denzlinger v. State, 116 Texas Crim. Rep., 158; Rathert v. State, 72 S. W. (2d) 276. In the present instance, after the introduction of the affidavit for the search warrant, appellant attacked it upon a ground which apparently should have been sustained. He asserted in his exception to the introduction of the affidavit that it was defective in failing to state that the *description* of the person offending was not known to the affiants. It appears, however, that in the progress of the trial the officers who executed the search warrant were permitted to testify that upon searching the appellant's premises they found a quantity of whisky.

The admission of the officers who made the search and upon whose affidavit the search warrant was issued makes evident their failure to comply with art. 310, supra. The testimony upon that subject indicates that they were acquainted with the appellant and his description but that they had forgotten his name. From the testimony of one of the officers we quote: "I had learned his name before I made the search and before I made the affidavit for the search warrant but had forgotten the names at the time. * * * I had two or three persons to tell me that McDonald and Sneed were running the place, and before I made the affidavit for the search warrant I had been told who they were, but at the time had forgotten their names. The parties running the place was known to me at the time I made the affidavit for the search warrant, but I had forgotten them."

Against the proper objection of the appellant, the officers named in the search warrant gave testimony to the effect that

upon the premises of the appellant they found a half-gallon of whisky in the cupboard and a number of parts of bottles in the same place; that they found whisky under the back of the house. There were two half-gallon bottles in the cupboard which were partly filled with whisky. Under the edge of the house the officers found three gallons of whisky which were in jars or bottles similar to those containing whisky found in the cupboard. According to their testimony, the appellant was present in the room with the officers and attempted to stop the search, stating that the warrant was not properly issued.

The appellant's personal testimony upon the subject is as follows: "I said I believed it was the 'law' and I went on in and they had found the whisky, I believe, when I got there. I didn't know anything about the whisky being there. The officers did not, particularly, show me any whisky they had found; they carried it out and put it in the car. I wasn't in the room when they found it. I must have been inside the station when Mr. Dietz found the six half-gallons under the house; I didn't see the six half-gallons until we were coming to town. * * * I live at the station where the whisky was found. My wife and I live in that back bed-room. * * * The kitchen is next to the bed-room. * * * I understand the whisky was found in the cupboard. * * * I wasn't present when Mr. Dietz found the whisky under the house. I have been told they found it under the east side of the house. * * * I did not know the liquor, alleged to have been found in my kitchen, was in there; I had never seen it until the officers had it."

The offense in question was the unlawful possession of whisky for the purpose of sale. The quantity of whisky found in the possession of the appellant, according to his admission as stated above, was sufficient to bring into operation the statutory declaration that the possession of more than one quart of intoxicating liquor may be prima facie evidence of the unlawful intent with which it is possessed. See article 671, P. C., 1925; also Stoneham v. State, 99 Texas Crim. Rep., 54; Newton v. State, 98 Texas Crim. Rep., 582; Reynosa v. State, 100 Texas Crim. Rep., 218, and other cases cited in Vernon's Ann. Tex. P. C., vol. 1, p. 471, and Supplement, 1934, p. 102 and notes.

The appellant's testimony coincides with that of the officers to the effect that there was found in the dwelling and place of business of the appellant a quantity of whisky. The appellant having given the testimony mentioned, the State was entitled to the benefit of it notwithstanding the fact that the testimony of the officers was improperly received. The conviction cannot

rest upon the testimony of the officers but it can rest upon the admissions of the appellant showing that he had violated the law. The precedents upon the subject are numerous. Many of them are collated in the case of Schaefer v. State, 121 Texas Crim. Rep., 220.

In the apparently early case of Wagner v. State, 53 Texas Crim. Rep., 306, 109 S. W., 169, it was stated: "It is well settled in this State that the erroneous admission of testimony is not cause for reversal, if the same fact is proven by other testimony not objected to."

See, also, Carlisle v. State, 37 Texas Crim. Rep., 108, and Walker v. State, 17 Texas App., 16.

Appellant insists that the indictment was not sufficient, citing the case of Offield v. State (127 Texas Crim. Rep., 237), 75 S. W. (2d) 882, in which case a distinction is drawn between the legal requirements of the indictment in which the prosecution is based upon the *possession of whisky* and that in which in the indictment it is charged merely that the offense consisted of the *possession of intoxicating liquor*. This distinction grows out of the fact that in certain "territory" malt liquor containing not more than 3.2 per cent of alcohol by weight is permissible by law, while *spirituous intoxicating liquor is not permitted*. In the present instance, the indictment charged and the jury found that the appellant possessed a quantity of *whisky* in excess of one quart. From these remarks it follows that the appellant's contention that the indictment was insufficient under the principle announced in the Offield case, supra, is not sound.

In Paragraph 5 of the court's charge it is stated: "If, from all the evidence, there is raised in your minds a reasonable doubt as to whether the *whisky* at the gasoline filling station was in the possession of the defendant, Truman McDonald, either alone or jointly with another, then you will give the defendant the benefit of such doubt and find him not guilty."

In Paragraph 6 the jury was instructed as follows: "You are further instructed that if you find and believe from the evidence that the whisky found in the filling station or under the filling station, was not in the possession of the defendant, alone or jointly with another, as possession has heretofore been defined to you, then you will find the defendant 'not guilty,' or if you have a reasonable doubt as to whether the whisky was in the possession of the defendant, alone or jointly with another, you will find him 'not guilty.' "

With the contention of the appellant that proof of his of-

fense, if any, was dependent upon circumstantial evidence, we are not able to agree.

The motion for rehearing is overruled.

*Overruled.*

HAWKINS, J., absent.