ERA McCHRISTY V. THE STATE.

No. 21325. Delivered December 18, 1940.

The opinion states the case.

*H. D. Stringer,* of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged by information and complaint with the possession of an alcoholic beverage, to-wit: "chock," same being an intoxicating liquor, for the purpose of sale, in a dry area, and upon a trial, was fined the sum of $100.00.

We find this record supported mainly by facts identical in words with our cause No: 21,216, (page 473 of this volume) against the same appellant, and these facts fail, as did the facts in that case, to show that the liquor so possessed was capable of being used as a beverage.

There are further errors complained of herein which we will briefly notice.

Appellant's requested charge No. 3 stated a correct proposition of law not embodied in the court's charge, and in our opinion should have been given. This charge was based on the prima facie evidence statute relative to the possession of intoxicating liquor. In the court's charge he embodied the statute making the possession of one quart of liquor in a dry area prima facie evidence of possession for the purpose of sale. See Art. 666-23a, Vernon's Ann. P. C., which seems to deal with "liquor," such being defined by statute as "Any alcoholic beverage containing alcohol in excess of four per centum by weight, unless otherwise indicated." See Art. 666-3a, Vernon's Ann. P. C. In the present case the pleadings allege the possession of "chock" for the purpose of sale, a beverage containing more than one-half of one per cent of alcohol by volume. It is our opinion that the prima facie evidence statute governing such liquor thus designated as "chock" is found in Art. 667-25b of Vernon's Ann. P. C. and reads as follows: "Possession by any person in any dry area of beer in any quantity exceeding twenty-four (24) bottles having a capacity of twelve (12) ounces each shall be prima facie evidence of possession for the purpose of sale in a dry area."

Of course, if the liquid was not contained in bottles, then the possession of more than the equivalent of twenty-four bottles of twelve ounces each could be used as prima facie evidence of possession for the purpose of sale in a dry area. This matter was called to the trial court's attention in a special requested charge.

We further observe that the State should introduce in evidence, and there should be incorporated in the record, the different orders of the commissioners' court relative to the local option election where in the county became a dry area.

For the errors discussed this judgment is reversed and the cause remanded.