J. H. LOLLAR V. THE STATE.

No. 21954. Delivered February 25, 1942.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The unlawful possession of whiskey for the purpose of sale is the offense; the punishment, a fine of $200.00.

Appellant operated a filling station in the town of Winters. He and his wife lived and made their home in a room in the rear part of the building.

Inspectors of the Texas Liquor Control Board, under authority of a search warrant, made a search of the premises. They approached the building from, and gained entrance thereto at, the rear. Upon entering, they found appellant's wife engaged in breaking six bottles of whisky. Appellant was not present at that time. The size or capacity of these bottles is not known, except that the officer testified that the combined contents exceeded a quart.

Appellant was arrested at the filling station, after the

search, and, in the presence of the officers, broke a half-pint of whiskey, which he had on his person. Three other one-half pints of whiskey were found on his person.

Appellant, testifying as a witness in his own behalf, admitted the possession of the four one-half pints of whiskey on his person. He explained his possession thereof by saying that, at his request, his son had purchased same for him, at a liquor store near San Angelo, and had returned with the whiskey and delivered it to him just prior to the search. He said that the other whiskey on the premises belonged to the son, who purchased it at the time he bought the whiskey for him. He denied any interest in, or control over, any of the whisky on the premises.

There was no direct evidence showing that appellant was engaged in selling whiskey. His guilt was made to depend upon an application of the prima-facie evidence rule Art. 666-23a, Sec. (2), P. C., to the effect that possession of more than one quart of whiskey in a dry area shall constitute prima-facie evidence that it is possessed for the purpose of sale. The whiskey found on appellant's person not being "more than one quart," his guilt must depend upon facts showing that he had the possession of the whiskey, or a part thereof, found on the premises, the bottles containing which were broken by the wife.

The conclusion is reached that, in order to show that appellant possessed such other whiskey, the State's case depended upon circumstantial evidence, and that the trial court erred in refusing to give appellant's special requested charge upon the law of circumstantial evidence.

In view of another trial, the charge defining the term "prima facie" should be so framed as not to shift the burden of proof and so as not to constitute possession of more than a quart of whiskey a presumption of guilt. For a definition of the term "prima facie," see: Floeck v. State, 30 S. W. 794, 34 Tex. Cr. R. 314; Walden v. State, 272 S. W. 139, 100 Tex. Cr. R. 584.

For the error discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.