CATHERINE FENNELL V. THE STATE.

No. 23560. Delivered January 22, 1947.
Rehearing Denied February 19, 1947.

*Cunningham & Boling,* of Lubbock, attorneys for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted for the unlawful possession of intoxicating liquor in a dry area, and by the jury assessed a punishment of a fine of $100.00 and 30 days in jail.

Certain officers secured a search warrant authorizing the search of Apartment A located at 212 18th Street, in the City and County of Lubbock, Texas, alleging that such designated place was the premises of and occupied by Doc Stevenson; and under such authority they searched these premises and there found 22 bottles of beer, each bottle containing 32 ounces, or a total of 704 ounces of beer. They also found some whisky and

gin. When questioned as to who lived at this place where the intoxicants were found, appellant said she lived there. While the officers were at such apartment, Doc Stevenson appeared, and when questioned he made the statement that he lived at such apartment, however, appellant presented proof from a witness that she lived at Apartment A, 212 18th Street, and that Stevenson lived in Apartment B, 212 18th Street. There was other testimony, however, that Stevenson lived in Apartment A; and at the request of appellant, the trial court gave appellant's requested charge to the jury in which they were told in substance that before they could convict appellant, they must believe beyond a reasonable doubt that Stevenson lived in Apartment A, 212 18th Street.

Appellant objected to the introduction of the fruits of the search on various grounds, namely, because the search warrant set forth the fact that the premises described to be searched was occupied by Doc Stevenson. There was testimony offered relative thereto, and it was testified that Stevenson stated in appellant's presence that he lived in Apartment A; also that appellant told the searching officers that she lived in Apartment A, and naught was said as to whether they both lived together in Apartment A. Under this state of facts, we think the trial court met the issue when he instructed the jury to acquit the appellant unless they believed beyond a reasonable doubt that Stevenson lived in Apartment A. It is shown by the qualifications to the bills complaining of the introduction of the fruits of the search that while same was proceeding, Doc Stevenson appeared on the scene, and in the presence of appellant, he told the officers that he occupied the premises, namely, Apartment A, 212 18th Street.

A further bill of exceptions complains of the introduction in evidence of a purported statement by appellant to the searching officers in which she admitted that she lived at such place, and that the beer there found belonged to her. This was objected to on the grounds that appellant was under arrest at such time, and that such statement was not made after warning, and reduced to writing, etc. The trial court qualified such bill by the statement that same was admitted as res gestae of the transaction. We pretermit any opinion thereon at this time. We do find, however, that all the testimony relative to an arrest of appellant is shown by officer, Frank Mitchell, who stated that such statements were made by appellant at a time when "she wasn't under arrest at the time." Appellant did not take the witness stand, nor is there any further testimony in the record

as to her arrest or the time thereof. However, it was shown that the officers had served the search warrant upon appellant when they proceeded to search this apartment, which search warrant also contained a warrant for the arrest of Doc Stevenson but did not contain a warrant for the arrest of appellant.

We think the case of McFarland v. State, 7 S. W. (2d) 955, peculiarly in point herein. In that case, it was shown that a search warrant was issued to search the premises of one Cowser. The accused, McFarland, also lived with Cowser, and the searching officers found some whisky in a barn on Cowser's premises. Although the search warrant called for a search of Cowser's premises, the trial court allowed testimony relative to the whisky found in the barn and also allowed testimony of witnesses which showed that such liquor belonged to McFarland, and this court upheld a verdict of conviction of McFarland for the unlawful possession of such liquor.

We think that under the method in which the instant case was submitted to the jury, the trial court committed no error.

Appellant also complains in Bill No. 9 because she was not allowed to prove by one, Harold Long, that he placed some beer in Apartment A, 212 18th Street, and had pleaded guilty to the unlawful possession thereof. It is appellant's contention that she is charged herein with the possession of such case of beer, as well as other quantities thereof. It is seen from the record that the witness Long did testify that he lived in Apartment C, 212 18th Street, and on the date of this search, he placed some beer in Apartment A. He said, "It was my beer. I think it was Budweiser Beer. It was in quart-size bottles in a can." It was shown by appellant that these officers arrested Harold Long that day. In this bill the complaint seems to be that the court erred when it refused to allow Harold Long to testify that he had paid a fine for the unlwaful possession of some beer found in a can in such Apartment A.

Evidently appellant is attempting to reduce the amount of beer found in her possession in order to avoid the prima facie presumption of possession for the purpose of sale of more than 24 twelve-ounce containers, or its equivalent.

It was shown that the officers recovered 22 bottles of 32 ounces each, or a total of 704 ounces, whereas more than 228 ounces of beer create a prima facie presumption of the possession thereof for the purpose of sale. We think this was a correct

136

application of Article 667-25b, P. C. See Crumpton v. State, 178 S. W. (2d) 273; McChristy v. State, 140 Tex. Cr. R. 475, 145 S. W. (2d) 873. Ten of these bottles were found in the house. The remainder were found at appellant's window in some dirty clothes claimed by her. If the ten bottles found in the house were the property of Long, there was still left a larger amount of more than 288 ounces so that the prima facie rule would apply. We do not think the subsequent plea of guilty entered into by Long could be heard to controvert the statement of ownership by appellant.

It is also worthy of notice that appellant was not charged with the ownership of such beer, but only with the possession thereof for the purpose of sale. We think that such possession could be had of beer, the title or ownership being in others; nevertheless, possession for the purpose of sale being in another than one holding title or ownership thereof. See Miers v. State, 60 S. W. (2d) 217. If such be true, then in the event of the presence of more than 288 ounces such becomes a rebuttable proposition upon the part of an accused. See Carnell v. State, 70 S. W. (2d) 152.

Finding no error in the record, the judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's first proposition submitted on her motion for rehearing contends that the evidence does not show that she had a sufficient quantity (288 ounces) of beer to support the presumption of possession for the purpose of sale. Chief grounds for this is based on the interpretation that the evidence shows ten thirty-two ounce bottles and twelve thirty-two ounce bottles, but does not show that they were full of beer.

We quote but one statement: "It is beer, Budweiser beer, in thirty-two ounce bottles." No objection and no special charge was requested on this point, and it appears to the writer that this contention is not tenable.

The second contention is that appellant was under arrest at the time of making the statement attributed to her, that she was the owner of the beer. The original opinion is clear and definite on this subject. The officer testified that she was not under arrest at the time, and we have not been directed to any contradicting statement in the record on the subject.

The third proposition is based on the complaint that the court did not charge on presumption of innocence. We find no special requested charge on the subject whatsoever, and we are unable to agree that her exception to the charge, saying that it did not charge the jury "as to appellant's constitutional and statutory rights," is sufficient to raise the question. This being a misdemeanor case, it was necessary for the appellant to submit a special requested charge on the subject in order to bring the question to this court.

Appellant's motion for rehearing is overruled.