## H. C. CORLEY V. THE STATE.

No. 23625. Delivered February 26, 1947.

108

*T. R. Odell,* of Haskell, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the possession of intoxicating liquor for the purpose of sale and fined the sum of $100.00 from which judgment he appeals.

This cause must be reversed because of the failure of the State to prove the allegations in the complaint and information relative to the dry status of Knox County. We have no way of knowing the condition of such county relative to the sale of intoxicating liquors save what is found in the record, but it is silent as to the status of Knox County. It is pleaded, but no proof is present. It must be shown to be in force. See Branch's Ann. Tex. P. C., p. 695, sec. 1231. Although the trial court instructed the jury that such law was in force in the county, no proof thereof was made and shown by the statement of facts. Furthermore, no agreement relative thereto is present. See Cunningham v. State, 132 Tex. Cr. R. 63, 102 S. W. (2d) 413; Stewart v. State, 132 Tex. Cr. R. 79, 102 S. W. (2d) 416; Humphreys v. State, 131 Tex. Cr. R. 383, 99 S. W. (2d) 600; Green v. State, 131 Tex. Cr. R. 552, 101 S. W. (2d) 241.

We find that the State's attorney introduced the complaint in this cause before the jury as was said "for the purpose of the record." Such was not necessary nor proper. It was an affidavit based upon hearsay and should not have been read to the jury. See Art. 642, C. C. P.

There is uncontradicted testimony in the case that appellant was not called upon to plead herein, and did not plead either guilty or not guilty. Orderly procedure demands that upon presentation of the information in a criminal case in the County Court, the accused should be called upon to plead either guilty or not guilty. See Branch's Ann. Tex. P. C., p. 328; sec. 639; Huff v. State, 25 S. W. 772, reversing idem 24 S. W. 903.

There appears to be a conflict in the testimony relative to a waiver of a search warrant upon the part of appellant at the time of the search. He claims that when the officers appeared at his place and asked for permission to search for liquor, "I told them if they had a search warrant they could search the place. * * * I know definitely I didn't give them permission. * * * Mr. Floyd (the sheriff) asked me if it would be all right to search the place, and I said, 'Have you got a search warrant?' and he said, 'No', and I said, 'Well, you had better go at it legally,' and he said, 'George has gone after one now; he will be be up here in a few minutes.' I did not tell him it was all right for him to search the place." To the contrary is the testimony of other witnesses, including the sheriff, who said:

"I went up there to search this house and Mr. Corley told me at first that he wouldn't give me permission. I did not tell him that I had a search warrant. I told him that I would get one. He says, 'We want to go at it in a legal way' and I said that was just what I wanted to do and that I would get a search warrant, and he says, 'Oh, no, just go ahead and search', so I just went ahead and searched."

We think the testimony of the sheriff would be sufficient to establish a waiver of a search warrant if believed by the jury, and at the request of appellant, the trial court was correct in giving in the charge to the jury a paragraph that allowed them to consider in the case the whisky exhibited before them as found on appellant's premises only in the event that they found, beyond a reasonable doubt, that appellant gave the officers permission to search such premises without the presence of a search warrant. The validity of a search warrant is a matter before the court and not the jury, but in this instance, a waiver thereof

becoming a disputed question of fact, the trial court submitted the question of a waiver thereof to the jury and required their belief that such waiver was made before they could consider any of the fruits of the search.

Because of the quantity of liquor here found, the purpose of its possession under the prima facie presumption statute was not a subject of circumstances and did not call for an instruction on circumstantial evidence. See Clinnard v. State, 196 S. W. (2d) 522, and authorities cited on page 523. But, in this case, the actual possessor of the liquor found became a disputed issue. Two youths claimed that such liquor belonged to them, each claiming a bottle, and stated that they had placed the same on these premises unknown to appellant. Therefore, under appellant's denial except an admission of the possession of a bottle in the house and a small quantity in his car, the mere fact of such liquor being found upon his premises was all the testimony that the State was able to produce in order to show appellant in possession thereof for the purpose of sale. Under this state of facts, we think appellant's prepared and requested charge on circumstantial evidence should have been given.

We think the testimony objected to in Bill No. 8 relative to the officers seeing a "drunk" (driver) drive up into appellant's driveway was not admissible.

The judgment will accordingly be reversed and the cause remanded.