CHARLES W. SPENCER V. STATE.

No. 24480.  February 1, 1950.
Rehearing Denied March 22, 1950.

*Burks & McNeil,* by *Burton S. Burks* and *Clifford W. Brown,* Lubbock, for the appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged with possession of beer for sale in Lubbock County, a dry area. A jury found him guilty and assessed his punishment at a fine of $100 and imprisonment in the county jail for six months.

The testimony shows that two agents of the Texas Liquor Control Board and a deputy sheriff, in possession of a warrant, knocked on the door of appellant's home, evidently intending to search same for intoxicants. One of the agents knocked on the front door and appellant, who was at a table eating, said, "Well, come on in; you have me caught this time." The agent went on in and the beer was sitting on the floor. The door was open, but the screen door was closed, and from where the agent was standing, he could see appellant before entering the door. There were 168 twelve-ounce bottles of beer on the floor. The other agent and the deputy sheriff knocked on the back door, and appellant invited them in, and said: "There it is boys." There was at least one other person present, a lady, as well as another individual who came to the front door of the house while the search was going on. The deputy sheriff heard appellant say, "Come on in; you have got me caught this time."

Appellant failed to take the stand as a witness. The foregoing is all the evidence save an agreement that Lubbock County was a "dry area."

Paragraphs 2 and 3 of the court's charge read as follows:

"2. You are further charged as a matter of law that possession of more than twenty-four twelve-ounce containers, or their equivalent of an alcoholic beverage, containing alcohol in excess of one-half of one percent by volume, and not more than four percent by weight, to-wit, beer, is prima facie evidence of the intention of the person in whose possession such alcoholic beverage is found, to sell the same.

"3. The words 'prima facie evidence' as used in this charge means such possession, if you find he had such possession, merely raises a legal presumption of guilt, which presumption may be overcome by evidence showing that such possession was not for the purpose of sale."

Appellant filed his written objections to said charge, as follows:

"* * * 2. The defendant objects and excepts to paragraph 2 of the charge, especially that portion thereof reading as follows: '. . . is prima facie evidence of the intention of the person in whose possession such alcoholic beverage is found, to sell the same,' because the same is not in accordance with the statute and is prejudicial to the defendant's right; it shifts the burden of proof and is contrary to law in that the statute says that such possession, if any, is prima facie evidence that it was possessed for the purpose of sale.

"3. The defendant objects and excepts to paragraph 3 of the Court's charge and especially the definition of prima facie evidence, in that the same is not complete and does not include the elements of prima facie evidence that the law requires and shifts the burden of proof from the State to the defendant and implies a duty on the part of the defendant to introduce evidence to rebut the presumption, whereas under the law such rebutting evidence may come from the evidence introduced by either the State or the defendant. In this connection, the defendant says that the Defendant's Specially Requested Charge No. 2, which the Court has refused to grant, should be given instead of that portion of the charge herein complained of * * *."

Appellant's special requested charge upon the subject reads:

"GENTLEMEN OF THE JURY:

"You are further charged as a matter of law that the possession of more than 24 twelve-ounce containers, or their equivalent of an alcoholic beverage containing in excess of one-half of one percent by volume, and not more than four percent by weight, to-wit: beer, is prima facie evidence that it was possessed for the purpose of sale.

"Prima facie evidence is merely proof of a case upon which the jury may find a verdict, unless rebutted by other evidence. In other words, prima facie evidence is not conclusive but such as may be overcome by evidence to the contrary; and such evidence is to be weighed together with the other evidence and in

connection with the reasonable doubt and presumption of innocence which obtains in all criminal trials."

Bill of Exceptions Number One deals with the court's charge on "prima facie" evidence, the exception to the charge, and the refusal of the special requested charge upon the subject.

The court's instruction in Paragraph 2 is that the possession of more than twenty-four twelve-ounce containers of beer is prima facie evidence of the intention of the person in whose possession it is found to sell the same.

Art. 667-25 (b), P. C., provides that such possession of such an amount of beer in a dry area shall be prima facie evidence of possession for the purpose of sale in a dry area. The area being admittedly dry, we see no material difference in the charge given and the statutory provision.

As we understand, appellant's criticism of Paragraph 3 is directed to the use of the expression "raises a legal presumption of guilt." We believe that the jury could not be misled by the use of such term, and that no harm resulted to appellant from such use. The court, in Paragraph 1 of the charge, instructed the jury to the effect that in this case, as in all other criminal cases, the burden of proof is upon the state to prove to the satisfaction of the jury beyond a reasonable doubt that appellant possessed the beer for the purpose of sale as charged, and that unless the state had assumed this burden and proven to the satisfaction of the jury beyond a reasonable doubt such facts, that it would be their duty as jurors to resolve that doubt in favor of the defendant and acquit him. In Paragraph 3 the court makes plain that the legal presumption referred to may be overcome by evidence showing that such possession was not for the purpose of sale.

The term "presumption of guilt" was used in connection with the definition of the term "prima facie evidence."

As so used, "presumption of guilt" and "presumption that it was possessed for the purpose of sale" mean substantially the same. See Harkey v. State, 142 Tex. Cr. R. 32, 150 S. W. 2d 808; and Bell v. State, 142 Tex. Cr. R. 390, 154 S. W. 2d 650.

The case of Lollar v. State, 143 Tex. Cr. R. 420, 159 S. W. 2d 130, in so far as it may be construed as announcing a contrary conclusion to that here expressed, is overruled.

In Harkey v. State, supra, Judge Christian, speaking for this court, said:

"Substantially the only difference between the quoted part of the requested instruction, which was refused, and the charge of the court upon the subject was that the court advised the jury that possession of the quantity of liquor in question was prima facie evidence of guilt, whereas the requested instruction, as already observed, would have advised the jury that possession of such quantity of beer was prima facie evidence that it was possessed for the purpose of sale. We are not impressed with the view that the use of the word 'guilt' in the charge of the court instead of the term 'purpose of sale' as used in the requested charge, should have rendered the charge less desirable than that presented by the appellant. In short, the two charges on the point in question are substantially the same."

"* * * We think the court's instruction is substantially the same as that embraced in the requested charge and that no error in the refusal of such charge is presented."

Appellant's exception to the court's failure to charge on circumstantial evidence was properly overruled. The court was not required to give such a charge, the evidence showing that the beer was found in appellant's home when he was present and that the quantity was in excess of that required under the prima facie evidence statute. See McDonald v. State, 127 Tex. Cr. R. 526, 77 S. W. 2d 685; and Corley v. State, 150 Tex. Cr. R. 107, 199 S. W. 2d 782.

Appellant's complaint of the court's failure to charge on the presumption of innocence fails to reflect error. We find no exception to the court's charge particularly addressed to such omission, and no requested charge. See Fennell v. State, 150 Tex. Cr. R. 132, 199 S. W. 2d 515.

In his argument before the jury, the county attorney used the following language:

"Now, gentlemen of the jury, briefly that is the state's case. There are three witnesses who have testified for the state to that effect. Nobody has denied any of that."

Bill of Exception No. 3 complains of such argument as an improper comment on appellant's failure to testify. This bill fails to show that no other person was in a position to contradict the testimony save appellant. On the other hand the court's qualification, supported by the evidence, shows that at least

one other person was present at the time the officers found the beer in appellant's home, a lady who did not testify.

The bill, as qualified, fails to present error. See 4 Tex. Jur. 397, Sec. 264.

The evidence is sufficient to support the jury's finding of guilt, and no error is shown that prejudiced the rights of appellant.

The judgment is therefore affirmed.

Opinion approved by the court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains in his motion because it is again alleged that his Bill No. 3 evidences repeated comments upon appellant's failure to testify upon the part of Mr. Brummett, Assistant County Attorney. We are impressed with the correctness of our ruling in the original opinion that it is not shown in said bill that there were no other persons present at the time the officers entered appellant's home and found the beer sitting on the floor. H. E. Harmon, one of the officers, testified that there was a lady present at the time of their entrance and at the time a statement was made by appellant, as testified to by the officers. Appellant's wife also testified that her sister-in-law lived with them and was present at the house on the afternoon of that day.

It is further complained that the state's attorney alluded to the defendant's failure to testify as shown in Bill No. 3, in his argument as follows:

"Now, gentlemen of the jury, briefly that is the state's case. There are three witnesses who have testified for the state to that effect. Nobody has denied any of that."

This was objected to by appellant's attorney as an improper comment on the defendant's failure to testify, and counsel moved for a mistrial. Thereupon the county attorney said:

"Your Honor, what I meant by that statement was that there had been no evidence produced on behalf of the defendant to refute that."

"MR. BURKS: All of which we say is in direct violation of the law and the instructions given in the charge and his repetition

of the statement only tends to intensify the error. And the defendant is now entitled to a mistrial on account of improper argument of counsel in improperly referring to the defendant's failure to testify and alluding--."

After a further exchange of remarks between the attorneys, as well as the court, Mr. Burks further said:

"Your Honor, in addition to the objections that we have heretofore made and while I was being interrupted, I intended to say to the Court that the argument that he made alluding to the fact that it had not been denied was in addition to a direct allusion to the defendant's failure to testify an indirect allusion, because he has referred to something that no one but the defendant could deny or explain and we renew our motion that a mistrial be declared."

At this point the court overruled the exception and the bill proceeds as follows:

"MR. BRUMMETT: I understand that much law, that we can't refer to the defendant's failure to take the stand. *Notstanding* what Mr. Burks might say, by my statement I did not intend to take any advantage or to leave that impression. I am just summarizing the evidence that the State has produced here in connection with the Court's charge and along that line the Court has charged you that --

"MR. BURKS: Your Honor, excuse me. May we have now an exception to the remarks that he has just made? He continues to refer to the matter and we want the record to show that we excepted to that, the remarks that he started out with just a while ago as he resumed this talk. We want an exception to that."

This bill is lengthy and seems to be concerned with a colloquy between the attorneys. We do find, however, that the opening statement of the county attorney herein found was justified by the presence of others than the appellant and the officers at the scene of the search. It will be seen from the above that appellant's attorney was the first to mention an allusion to the defendant's failure to testify, and no mention of such was made by the county attorney until he had been accused of making such allusion, whereupon he denied making such and asserted his knowledge that he could not refer to such failure.

We think that under this record appellant cannot take advantage of his own statement to cause his opponent to deny

434

making the same statement or reference that appellant's attorney had already made. We remain of the views expressed in our original opinion as to Bill No. 3.

It is complained that the record fails to show that Lubbock County is a dry area. We find the following in the statement of facts: The witness, Louie F. Moore, County Clerk of Lubbock County, was placed on the stand, and after testifying that he had in his possession and under his control the Minutes of the Commissioners' Court of such county, the following took place:

"MR. BURKS: If the Court please, we dispense with any further proof of the dry status of the county, if they want to.

"MR. BRUMMETT: And you will agree that it is a dry area, with the exception you mentioned a while ago?

"MR. BURKS: (Nodding).

"MR. BRUMMETT: The State rests, your Honor."

There is no objection to the court's charge on the ground of a failure to prove the allegation relative to the dry status of Lubbock County. We think that appellant's attorney, by his offer, waived the proof of such dry area, and that the state accepted such waiver, and excused the witness by whom such could have been proven on account of appellant's offered waiver.

We adhere to the views expressed in our original opinion, and the motion for rehearing will be overruled.