**Doris Thomas MATTHEWS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40324.**

Court of Criminal Appeals of Texas.

April 26, 1967.

Rehearing Denied May 31, 1967.

Stanley I. Weinberg (on appeal only), Dallas, Charles W. Tessmer (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Stauffer, Scott Bradley and Kerry P. FitzGerald,

Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is under Art. 802b, Vernon's Ann.P.C., for the subsequent offense of drunk driving; the punishment, forty-two months in the Texas Department of Corrections.

Trial was before a jury upon appellant's plea of not guilty.

The issue of appellant's guilt was first submitted to the jury, and upon return of the verdict of guilty appellant requested that the punishment be assessed by the jury. A hearing was then held on the question of punishment, as provided by Art. 37.07, subd. 2 of the 1965 Vernon's Ann.Code of Criminal Procedure.

Five grounds of error are urged by appellant in his brief filed with the clerk of the trial court.

In his first two grounds, appellant insists that the court committed fundamental error in admitting evidence—at the main trial on the issue of guilt or innocence—of his prior misdemeanor conviction for driving while intoxicated, and in admitting evidence—at the separate hearing on the question of punishment—of a prior felony conviction against him for driving while intoxicated. Appellant insists that the court's action was error because the evidence was admitted upon unwritten stipulations in which he did not personally join or waive his right to confrontation of the witness and right against self-incrimination.

The record reflects that at the trial on the issue of appellant's guilt or innocence, counsel for the state and for appellant entered into a stipulation whereby it was agreed that if Judge Shelby Cox were present in court he would identify appellant as a person who was convicted in the County Criminal Court of Dallas County on May 13, 1957, of the misdemeanor offense of driving while intoxicated.

The record further reflects that at the time the stipulation was made the court inquired: "Does the defendant in person agree to the stipulation? And waive any rights in that regard?" Appellant's counsel answered: "Yes, Your Honor, he does. I have explained his rights to him and he has waived this right."

It is further shown that at the hearing on the question of punishment, counsel for the state and for appellant stipulated that if a certain deputy district clerk and deputy sheriff were present in court they would testify to certain facts which showed that appellant was convicted of the felony offense of driving while intoxicated, in Criminal District Court No. 2 of Dallas County, on July 21, 1961. Certain records and documents were also admitted in evidence under the stipulation.

The record shows that when the court inquired if the latter stipulation "may be entered as a part of the record" and if appellant "agrees and waives any rights in that regard," his counsel answered in the affirmative.

At no time did appellant object to either of the two stipulations. Under the record it appears that he acquiesced in the stipulations and is bound thereby. See: Spencer v. State, 154 Tex.Cr.R. 427, 227 S.W.2d 552; Locke v. State, 168 Tex.Cr.R. 507, 329 S.W.2d 873; and Alexander v. State, Tex.Cr.App., 401 S.W.2d 818.

We do not agree that it was necessary that appellant consent to the stipulations in writing, as would be required under Art. 1.15 of the Code where a jury is waived in a non-capital case and evidence is stipulated.

The grounds of error are overruled.

In his grounds of error #3 and #4, appellant urges fundamental error in that portion of the court's charge which instructed the jury with reference to its consideration of the evidence adduced showing appellant's prior misdemeanor conviction for driving while intoxicated.

No objections were made by appellant to the charge.

In paragraph 3 of the charge, the court instructed the jury that it could not consider the evidence of appellant's prior misdemeanor conviction for driving while intoxicated "as in any manner proving or tending to prove that the defendant did or did not drive a motor vehicle upon a public highway while under the influence of intoxicating liquor on or about the 2nd day of October, 1965."

In paragraph 4 of the charge, the jury was instructed that if it found and believed from the evidence beyond a reasonable doubt that on or about October 2, 1965, appellant drove and operated a motor vehicle upon a public road while intoxicated and further found from the evidence beyond a reasonable doubt that he had theretofore been convicted of the misdemeanor offense of driving while intoxicated charged in the indictment, to find him guilty of a felony, as charged in the indictment.

The court's instruction in paragraph 3 properly limited the jury's consideration of the evidence introduced relative to appellant's prior conviction. The instruction in paragraph 4 was a proper application of the law to the facts. The instructions, as given, were not contradictory and conflicting as to the burden of proof, as contended by appellant.

We perceive no fundamental error in the charge which would call for a reversal of the conviction.

We overrule appellant's remaining ground of error, #5, in which he insists that the court committed reversible error "in failing to grant a hearing on appellant's application for probation and in not considering said application or ruling thereupon."

While the record reflects that after return of the jury's verdicts in the case appellant made his application for probation of sentence, there is no showing that the court failed or refused to grant a hearing thereon or to consider the same. It was within the court's discretion to grant or to deny appellant's application for probation. Art. 42.12. 1965 Code.

The judgment is affirmed.