Opinion filed June 25, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00180-CR

_____

## GILBERT ROMAN CORRALES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR39641**

### MEMORANDUM OPINION

The jury convicted Gilbert Roman Corrales of the third-degree felony offense of assault-family violence. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A) (West Supp. 2014). Appellant pleaded true to the enhancement paragraph, and the jury assessed his punishment at confinement for a term of four years and a fine of $1,500. The trial court sentenced him accordingly. We affirm.

In his sole issue on appeal, Appellant claims that the evidence is insufficient to show that he was the person convicted in a prior judgment of conviction that the trial court admitted into evidence. Proof of the prior conviction was required to elevate the misdemeanor assault offense to a third-degree felony offense of assault-family violence. *See id.* Specifically, Appellant argues that the evidence was insufficient to prove his identity as the person convicted of the prior offense because he did not expressly stipulate to the judgment and because no other evidence was presented that linked him to the prior judgment.

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.— Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

To prove the third-degree felony offense of assault-family violence under Section 22.01(b)(2)(A), the State must show that the defendant committed an assault against a person whose relationship with the defendant is described by Section 71.0021(b), 71.003, or 71.005 of the Texas Family Code[1] and that the defendant had been previously convicted of an offense involving family violence. *See* PENAL § 22.01(b)(2)(A). Here, the State alleged that, on May 8, 2008, in Cause No. 121043 in the County Court at Law in Midland County, Texas, Appellant had been previously convicted of assault against a member of his family and household.

---

[1]TEX. FAM. CODE ANN. §§ 71.0021(b), 71.003, 71.005 (West 2014).

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that a prior conviction exists and that the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). There is no specific manner in which the State must prove these two elements. *Id.* Some of the ways by which a defendant may be linked to a prior conviction is through the testimony of a fingerprint expert, through the testimony of a witness who personally knows that the defendant was previously convicted and can identify the defendant, by the defendant's stipulation or judicial admission, or by a photograph that is contained in the prior judgment or pen packet. *See, e.g.*, *Beck v. State*, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986); *Littles v. State*, 726 S.W.2d 26, 31–32 (Tex. Crim. App. 1984).

Here, the State offered, and the trial court admitted without objection, a prior judgment of conviction of assault-family violence against a "GILBERT ROMAN CORRALES." When the prosecutor offered the judgment that reflected the prior conviction, he said: "[A]t this time, I'm going to offer State's Exhibit 11 [the judgment of conviction] into evidence. I believe this was going to be stipulated by Defense." Whereupon, defense counsel stated that he had no objection, and the trial court admitted the judgment. Immediately after the trial court admitted the judgment into evidence, the prosecutor said, "And just for the record, Your Honor, this is The State of Texas versus Gilbert Roman Corrales in County Court, Midland County, Texas, Cause Number 121043, in which the Defendant, on May 8th, 2008, was convicted for the offense of assault-family violence." Defense counsel did not respond to the prosecutor's statement. State's Exhibit No. 11 was published to the jury without further comment by defense counsel, and the State called its next witness.

When a defendant stipulates to a prior conviction, he waives his right to challenge the sufficiency of the evidence as to the prior conviction on appeal.

*Bryant v. State*, 187 S.W.3d 397, 401 (Tex. Crim. App. 2005). A stipulation is "a kind of judicial admission" and relieves the State from its burden to prove the fact that has been stipulated. *Id.* at 400–01. The question in this case becomes whether Appellant's silence to the prosecutor's representation that he had stipulated to the prior conviction is sufficient to show that he stipulated to the evidence.

In *Matthews v. State*, counsel for the State and for the defendant stipulated, during the guilt/innocence phase, that there was a witness that could identify the defendant as the same person who was previously convicted of the misdemeanor offense of driving while intoxicated. *Matthews v. State*, 414 S.W.2d 938, 939 (Tex. Crim. App. 1967). On appeal, the defendant claimed that the trial court erred when it admitted evidence of his prior conviction because "he did not personally join or waive his right to confrontation of the witness and right against self-incrimination" in a written stipulation. *Id.* The Court of Criminal Appeals held that a written stipulation, as is required under Article 1.15 of the Texas Code of Criminal Procedure[2] when a defendant waives his right to a jury trial and stipulates to the evidence, was not required under these circumstances. *Id.* The court opined that, because the defendant did not object to the stipulation, he acquiesced in the stipulation and was bound by it. *Id.*

Relying on *Bryant* and *Matthews*, the Beaumont Court of Appeals recently held that the defendant's silent acquiescence to defense counsel's oral stipulation regarding the defendant's prior convictions was binding on the defendant and that the defendant was thus precluded from challenging the sufficiency of the stipulated evidence. *Vanness v. State*, No. 09-13-00335-CR, 2014 WL 3387007, at \*4 (Tex. App.—Beaumont July 9, 2014, pet. ref'd) (mem. op., not designated for publication). The court also noted that the defendant did not object to the admission

---

[2]TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005).

of two exhibits that contained copies of documents purporting to establish his prior convictions. *Id.* at *4 n.2.

We believe that, when taken in context, in its entirety, the statement of the prosecutor that we have quoted above constituted a stipulation as to the identity of Appellant as being the same person as named in the prior judgment of conviction. Neither Appellant nor his attorney made any objection to the State's recitation, nor did they correct it in any way; they "clearly acquiesced in it." *See Stribling v. State*, 542 S.W.2d 418, 419 (Tex. Crim. App. 1976) (holding that the defendant acquiesced to the stipulation by failing to object). In addition, defense counsel stated that he had no objection to State's Exhibit No. 11—the judgment of prior conviction—and did not object to the prosecutor's statement, which was made in the jury's presence, that Appellant had been convicted of the offense of assault-family violence on May 8, 2008, in Midland County.

As we have said, no specific method of proof is required to prove the elements related to judgments of prior convictions. *Flowers*, 220 S.W.3d at 921. The totality of the circumstances determines whether the State met its burden of proof as to those elements. *Id*. at 923.

We hold that Appellant acquiesced in the State's representation that he stipulated to the identity issue in connection with the prior conviction when neither he nor defense counsel corrected or objected to the prosecutor's statements. We also note that the judgment of conviction contains the same name as that of Appellant. While that alone might not be enough to link the defendant to the prior judgment, the jury also had before it the State's representation that Appellant stipulated to the conviction and Appellant's silent acquiescence to that representation.

Therefore, we hold that, under the totality of the circumstances of this case, a rational trier of fact could have found beyond a reasonable doubt that Appellant had

been previously convicted of assault-family violence.  Appellant's sole issue on appeal is overruled.

We affirm the judgment of the trial court.


                                        JIM R. WRIGHT

                                        CHIEF JUSTICE


June 25, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.