GERALDINE WARD V. THE STATE.

No. 9419.    Delivered November 18, 1925.

1.—Driving an Automobile Intoxicated—Constitutionality of Act—Held Void in Part.

That part of the Acts of the 38th Legislature, first called session, Chapter 23, which makes it an offense to drive an automobile while intoxicated, at *"any other place within the limits* of any incorporated city or town," is held void, because not embraced within the caption of said act, but this holding does not affect the validity of the remainder of the act.

2.—Same—Arrest of Judgment—Motion Erroneously Denied.

Where a conviction was had under that count in the indictment which charged the driving of an automobile while intoxicated, within the limits of an incorporated city, to-wit: Beaumont, in the County of Jefferson, not charging any violation of law by reason of the invalidity of that particular part of the statute, it was error to overrule applicant's motion in arrest of judgment, and for this error, the cause is reversed and remanded.

Appeal from the County Court of Jefferson County. Tried below before the Hon. J. M. Campbell, Judge.

Appeal from a conviction for driving an automobile while intoxicated, penalty confinement in the county jail for ninety days.

The opinion states the case.

*Blain & Jones,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Driving an automobile while intoxicated is the offense; punishment fixed at confinement in the county jail for a period of ninety days.

There were three counts in the indictment. The count which was submitted to the jury and upon which the conviction rests contains the following:

"* * * did then and there unlawfully drive and operate an automobile, within the limits of an incorporated city, to-wit: Beaumont, in Jefferson County, Texas, while she, the said Geraldine Ward, was then and there intoxicated, as aforesaid."

This appeal is upon the proposition that the law upon the subject, Acts of 38th Leg., 1st called. session, Chap. 23, does

not warrant the conviction, the specific contention being that under the caption of the act, it was only permissible to forbid and punish the operation of an automobile in a public place or upon a public highway by one intoxicated.   The first section of the act reads thus:

"It shall be unlawful for any person to drive or operate an automobile or any other vehicle upon any street or alley *or any other place within the limits* of any incorporated city, town or village in this State or upon any public road or highway in this State, while such person is intoxicated or in any degree under the influence of intoxicating liquor."

In our opinion, the words in Section 1 underscored, namely, "or any other place within the limits" cannot properly be regarded as a part of the law.   The caption is specific in advising that it was contemplated that the offense be committed *upon a street, alley or public highway.*   The language criticised does not so confine the prohibited act but includes any place within the incorporated city.   The caption is not so framed as to give notice of an intention upon the Legislature to prohibit one from driving an automobile upon private grounds. The provision of the law upon which the conviction rests is deemed invalid because at variance with and unsupported by the caption of the act.   The invalidity of that phase of the law does not render illegal the other provisions.   There were counts in the indictment charging the violation of the valid provisions of the law, that is, that charging that the offense was committed upon a public street.   Such counts, however, were withdrawn from the jury, and the only one submitted and upon which the conviction rests was that which is regarded as inoperative.   The motion in arrest of judgment should have been sustained.   Because of the failure to do so, the judgment is reversed and the cause remanded.

*Reversed and remanded.*