## MRS. GEORGE JOHNSON v. THE STATE.

No. 16862. Delivered June 6, 1934.

The opinion states the case.

*Clayton & Bralley,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully driving an automobile upon a public road while under the influence of intoxicating liquor; penalty assessed at a fine of $125.00.

The indictment and procedure in the present appeal are very much like that in the case of Ward v. State, 102 Texas Crim. Rep., 204. The averment in the indictment upon which the conviction rests is identical with that in Ward's case, namely, *"did then and there unlawfully drive and operate an automobile within the corporate limits of the city of Canyon * * * while then and there intoxicated and under the influence of intoxicating liquor."*

The Ward case, supra, was reversed upon the ground that the caption of the statute, article 802, P. C., 1925, did not authorize the penalizing of one who, while intoxicated, drove an automobile "* * * or any other place within the limits of any incorporated city, town or village."

At the time of the commission of the offense involved in the Ward case, supra, the Revised Criminal Statutes of 1925 had not been enacted. The transaction upon which the present prosecution is based occurred subsequent to the enactment of the Revised Criminal Statutes of 1925. The principle controlling in the Ward case, namely, that the caption of the offense was insufficient, would not be effective in this appeal for the reason that in the revision of the laws, which required no caption, the statute was re-enacted without change of verbiage. The effect of this re-enactment was to render the omission in the caption discussed in the Ward case, supra, unimportant. See American

Indemnity Co. v. City of Austin, 246 S. W., 1019; Stephens v. Stephens, 292 S. W., 290. The particular language of the statute upon which the present prosecution is based, namely that the appellant *"did then and there unlawfully drive and operate an automobile within the corporate limits of the city of Canyon, Texas, an incorporated city, while she was * * * under the influence of intoxicating liquor"* is so indefinite as to be inadequate to support the conviction. It is in conflict with article 6, P. C., 1925, which reads as follows:

"Whenever it appears that a provision of the penal law is so indefinitely framed or of such doubtful construction that it can not be understood, either from the language in which it is expressed, or from some other written law of the State, such penal law shall be regarded as wholly inoperative." See Overt v. State, 97 Texas Crim. Rep., 202; Nunn v. State, 114 Texas Crim. Rep., 487; Warner v. State, 118 Texas Crim. Rep., 351.

The language used in charging the offense would justify the penalizing of one who, while under the influence of intoxicants moved an automobile upon his own premises or in any other part of such city other than a public street or alley, an effect which manifestly was not designed by the law-makers. The purpose of article 802, P. C., 1925, is to penalize the operation of an automobile by one who is intoxicated upon a public street or highway, whether in a city or out of it, but was not intended to go to the extent sought in the present instance.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*