### H. B. CARPENTER V. STATE.

No. 24301. March 9, 1949.

*Smith & Boling,* and *S. P. Boling,* Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

HAWKINS, Presiding Judge.

Conviction is for the transportation of beer in a dry area.

Our State's Attorney has expressed the view of the court so pertinently that we adopt his brief as the opinion of the court:

"NO. 24,301

"IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS

"H. B. CARPENTER,                                            APPELLANT,

       v.

THE STATE OF TEXAS,                                  APPELLEE.

"BRIEF FOR THE STATE

"Appellant was charged by information in the County Court of Hockley County, Texas, with the offense of transporting beer

in excess of one-half of one percent by volume and not more than four percent by weight in a dry area. He waived a jury, entered a plea of not guilty before the court, was by the court found guilty, and his punishment assessed at a fine of one hundred dollars.

"After conviction appellant timely filed his motion in arrest of judgment, contending that the complaint and information were insufficient for the reason that the complaint does not show the official character of the officer before whom it was verified. The complaint shows to have been signed by George Howard, Affiant, sworn to and subscribed by the said George Howard on the 25th day of May, A. D., 1948, before La Verne I. McCann, Hockley County, Texas, there being absolutely no showing as to what character of officer, if any, La Verne I. McCann was, in so far as the complaint is concerned.

"This Court has consistently held that a complaint, to be valid, must be authenticated by the jurat of the officer before whom it was made, and also that, in the absence of a valid complaint, there can be no valid information. In Robertson v. State, 8. S. W. 659, it was held:

" 'A complaint without a jurat will not support an information. * * * A jurat is the certificate of the officer before whom the complaint is made, stating that the same was sworn to and subscribed by the affiant before him, and it must be signed officially by such officer.'

"See Neiman v. State, 16 S. W. 253; Montgomery v. State, 131 S. W. 1087; Midkiff v. State, 209 S. W. (2d) 354. See, also, Articles 28, 221, 222 and 415, Vernon's Annotated Code of Criminal Procedure, and many authorities cited thereunder.

"Appellant contended in his motion in arrest of judgment that the judgment of conviction is void for the reason that the County Court of Hockley County, Texas, was not in session on the 23rd day of September, 1948, being the date upon which he was convicted; that Article 5, Section 29, of the Constitution of Texas, provides that the terms of court in Hockley County, Texas, shall be on the first Mondays in February, May, August and November of each year, and may remain in session three weeks.

"The Constitution of Texas, Article 5, Section 29, does state that, until otherwise provided, the terms of county court shall be held on the first Mondays in February, May, August and November, and may remain in session for three weeks, and it

also authorizes the commissioners court of the county, under authority of law, to fix the times and number of terms of county court; and Article 1962, Vernon's Revised Civil Statutes, authorizes the commissioners court, at a regular term, to fix the times at which each of the four terms required by the Constitution and the terms exceeding four, if any, shall be held, not to exceed six annually, and may fix the length of each term.

"There is nothing in the record in this case to indicate whether the commissioners court of Hockley County had passed an order fixing the number and length of the terms of county court in said county. The caption appearing in the transcript, and certified by the clerk of the county court, recites that the term of court at which appellant was convicted began in Hockley County, Texas, on the 2nd day of August, 1948, and adjourned on the 2nd day of October, 1948. In the absence of any showing to the contrary, this Court would not be warranted in the presumption that the commissioners court of Hockley County, Texas, had not, by proper order, fixed the number and length of the terms of county court for said county.

"We deem it unnecessary to discuss the other matters raised on the appeal except to express the opinion that the evidence, as brought forward in the statement of facts, is insufficient to support the conviction.

"For the error pointed out, the judgment of the trial court should be reversed and the prosecution ordered dismissed.

> "Ernest S. Goens,
> "State's Attorney."

The judgment is reversed and the prosecution ordered dismissed.