WILLIE EVANS V. STATE

No. 27,065.  October 6, 1954

*Vernon D. Adcock*, Lamesa, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was charged with the sale of whisky in a dry area after two prior convictions alleged for the purpose of enhancement; the punishment, six months in jail.

In view of the disposition we make of this cause, the facts will be omitted.

One of the convictions alleged for the purpose of enhancing the punishment was that the appellant had been convicted on December 1, 1952, in Cause No. 4212, in the County Court of Dawson County, Texas, for "selling *whisky* in a dry area."

The information and judgment introduced in evidence in support of the above allegations show that appellant was convicted in said Cause No. 4212 with the sale *of beer* in a dry area. Also, it was shown on appellant's motion for a new trial that the jurat on the complaint in said Cause No. 4212 was unsigned and that this fact was known to the prosecuting officer at the time of this trial.

Appellant's bills of exception presenting questions as to the variance between the allegations charging a sale of whisky in Cause No. 4212 and the proof showing a sale of beer in said cause, the unsigned jurat on the complaint, and the court's charge submitting the conviction in Cause No. 4212 to the jury as a basis for the enhancement of punishment call for reversal. Morman v. State, 127 Texas Cr. R. 264, 75 S.W. 2d 886; Childress v. State, 131 Texas Cr. R. 487, 100 S.W. 2d 102; Walker v. State, 138 Texas Cr. R. 230, 135 S.W. 2d 498; and Carpenter v. State, 153 Texas Cr. R. 99, 218 S.W. 2d 207.

The judgment is reversed and the cause remanded.

Opinion approved by the court.