NORMAN LEE MORRIS V. STATE

No. 27,619. June 8, 1955

*Thomas L. Blanton,* Albany, for appellant.

*Leon Douglas,* State's Attorney, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated as a second offender, as denounced by Article 802b, V.A.P.C.; the punishment, a fine of $100.00.

Appellant challenged the validity of the judgment in the prior conviction, alleged in order to make the primary offense a felony, in the following ways:

1. By motion to quash the indictment.

2. By objection to the introduction of the prior judgment, and

3. By a requested charge and objections to the court's charge.

Among other reasons assigned was the failure of the complaint and information to charge that the offense occurred upon a public highway. The complaint and information were introduced in evidence, and they fail to contain this essential aver-

ment. Unless a charge of driving while intoxicated contains the recitation that the act was committed upon a public highway, it fails to charge an offense and will not support a valid judgment. Ward v. State, 102 Texas Cr. Rep. 204, 277 S.W. 672, and Johnson v. State, 126 Texas Cr. Rep. 432, 72 S.W. 2d 256. A conviction which depends upon the use of such a judgment to make the primary offense a felony cannot on appeal be permitted to stand.

We cannot sustain this conviction as a first offender because the primary offense was charged to have been committed on December 9, 1953, which was subsequent to the amendment of Article 802, which made a jail term mandatory, and no confinement in jail was assessed as part of the punishment in this case.

Upon another trial, the question of the prosecutor's argument will not arise.

Because this indictment will support a misdemeanor conviction as a first offender, the cause is not ordered dismissed, but the judgment is reversed and the cause remanded.

It is so ordered.