PETE E. VASQUEZ V. STATE.
No. 29,471. April 9, 1958.

Vernon D. Adcock, Lamesa, for appellant.

*Guilford L. Jones,* District Attorney, *John Richard Coffee,* County Attorney, Big Spring and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated as a second offender; the punishment, six months in jail and a fine of $750.00.

Our prior opinions are withdrawn. The sufficiency of the evidence to support the conviction is challenged.

Pete Flores testified that he and the appellant left Abilene in the morning on the day in question and traveled to Big Spring in appellant's "truck," that when they arrived they went to the Top Hat where they stayed approximately two and a half hours, then went somewhere else in the city and later returned to the Top Hat where they stayed for two more hours. He stated that during their first visit he drank three beers and the appellant drank "at least one," and perhaps three, that upon their second visit he drank four beers but that he did not know if the appellant drank any because he was not seated with him. He stated that when they left the Top Hat at approximately 7:30 P.M. and started home the appellant was driving and he went to sleep and knew nothing of what occurred until after they had a wreck. He refused to testify that the appellant was intoxicated.

Mrs. Hodges, a waitress at the Top Hat, testified that she served the appellant beer on the day in question but did not remember how many. She refused to testify that he was intoxicated but stated that he was "drinking."

Highway Patrolman Walker testified that he received a call to investigate a wreck at 7:45 P.M. on the day in question, found that a Ford Ranchero had turned over while making a curve but had not been involved in a collision with another automobile, and went to the hospital where he found the appellant unconscious but smelling of beer. He stated that he left word with the nurse on duty to call him when the appellant regained consciousness and returned to the hospital at 9:30 P.M. and talked to the appellant. It is interesting to note upon which facts the witness based his opinion that the appellant was intoxicated. We quote from his testimony:

"* * * When I first came into the room he was laying in the bed and there was a table over on his left over here and there

was a small rock that come out of his pocket, I suppose, and a penny laying there. And he was laying in bed reaching over like this (indicating) trying to pick up the penny and the rock. And then he would just start crying and he would say, 'Oh, my car; oh, my car.' And he would cry for possibly a minute or something like that. And then he would quit and lay back down in the bed. Then he would say, 'My chest hurts a little bit.' And then he would get real quiet and I would ask him a question and then he would say, 'Looky there, see that.' I would say, 'What?' And he would say, 'See that bug on the wall?' I told him I couldn't see a bug and then he would start crying about his car again."

Bruce Wright testified that at approximately 7:30 P.M. the Ford Ranchero which was later overturned passed him in the city of Big Spring on the right side at the intersection, that he noticed it weaving and that its lights were not showing even though it was dusk and he had turned on his lights.

The appellant did not testify in his own behalf, but called his former wife, a practical nurse of many years' experience, who testified that she visited the appellant in the hospital two days after the collision and found him in the same condition as described in Walker's testimony above. She stated that she had never observed such conduct on the part of the appellant prior to the wreck but such abnormal behavior had continued up until the time of the trial and that the appellant was still under treatment by a doctor for injuries received in the wreck.

Neither the doctor or the nurses who treated the appellant at the hospital were called as witnesses, nor was any explanation made as to why they were not produced.

It should be borne in mind that the only witness who expressed the opinion that the appellant was intoxicated based his opinion upon facts which were as consistent with injury as with intoxication.

We find the evidence insufficient to support the conviction.

In addition to the above, we note that the complaint in the former conviction alleged for enhancement and which was introduced in evidence by the state was not sworn to before a person authorized by law to administer oaths and is therefore defective. Stanley v. State, 143 Texas Cr. Rep. 350, 158 S.W. 2d 785; Broughton v. State, 148 Texas Cr. Rep. 445, 188 S.W. 2d

393; Midkiff v. State, 151 Texas Cr. Rep. 538, 209 S.W. 2d 354; Carpenter v. State, 153 Texas Cr. Rep. 99, 218 S.W. 2d 207; Johnson v. State, 154 Texas Cr. Rep. 257, 226 S.W. 2d 644; Diez v. State, 248 S.W. 2d 486; Padillo v. State, 159 Texas Cr. Rep. 435, 264 S.W. 2d 715; Evans v. State, 160 Texas Cr. Rep. 353, 271 S.W. 2d 429; and Morris v. State, 161 Texas Cr. Rep. 648, 280 S.W. 2d 255.

The judgment is reversed and the cause remanded.