## JAMES W. LOCKE V. STATE.

No. 31,075. December 9, 1959.

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted as a second offender under Art. 725b, V.A.P.C. for the unlawful possession of a narcotic drug, to-wit: marijuana and his punishment assessed at confinement in the penitentiary for 15 years.

The state's evidence shows that on the night in question four state narcotic officers, accompanied by two deputy sheriffs, went to an apartment at 620 East Bluff Street in the city of Fort Worth where the appellant and his wife resided. Neither the appellant nor his wife was present when the officers arrived and some of the officers proceeded to go inside the apartment while the others remained outside. In approximately two hours the appellant and one Joe Hoskins drove up in an automobile, got out and walked to the door of the apartment. Upon being met at the door by the officers the appellant ran and while in flight threw a cellophane package on the ground which was recovered by one of the officers.

An examination of the package revealed that it contained a loose plant substance and upon being examined by the state chemist was shown to be 4.8 ounces of marijuana, a narcotic drug.

In making proof of the prior alleged conviction the state offered in evidence certified copies of the indictment, judgment and sentence in Cause No. 54,342, styled The State of Texas v. James W. Locke on the docket of the Criminal District Court of Bexar County, wherein the defendant in said cause was on the 19th day of September, 1955 convicted of the offense of unlawfully possessing marijuana and assessed punishment of three years confinement in the penitentiary.

It was agreed and stipulated that the appellant was the person so convicted in the cause and that the conviction had become final prior to the commission of the offense for which he was on trial.

Appellant did not testify but called his wife as a witness who testified that it was she who had possessed the package of marijuana which the officers testified the appellant threw on the ground and that she had stashed it outside of the apartment in some leaves near a bush.

We shall discuss the contentions urged by appellant through his counsel in oral argument, there being no written brief filed in his behalf.

It is first contended that marijuana is not a narcotic drug and that the legislature was without authority to provide that it is a narcotic drug. There is nothing in the record to support the appellant's contention but on the contrary the testimony of the state chemist was to the effect that marijuana is a narcotic drug. In enacting the Uniform Narcotic Drug Act, the legislature in Sec. 14, of Art. 725b., supra, defined "Narcotic Drugs" to mean among other substances "cannabis" and in Sec.. 1(13) specifically provides that the term cannabis shall include the varieties of cannabis known as marijuana. Clearly the legislature was authorized to so provide and under the terms of the statute marijuana is a narcotic drug. Fawcett v. State, 137 Texas Cr. Rep. 14, 127 S.W. 2d 905 and Gonzales v. State, 163 Texas Cr. Rep. 432, 293 S.W. 2d 786.

Appellant questions the sufficiency of the stipulation as to his prior conviction on the ground that he did not agree to the stipulation. The record reflects that following the introduction in evidence by the state without objection of the records of the prior alleged conviction, state's counsel dictated into the record a stipulation to the effect that counsel for appellant and the attorneys for the state had agreed to stipulate that appellant was the person so convicted and that the conviction was final. The record before us does not affirmatively reflect that appellant joined in this stipulation. Judge Hurt, in speaking for the Court of Appeals in Escareno v. State, 16 Texas App. 85, said " * * * it is conceded that this right (to be present at the time his motion for new trial is acted upon) was waived by counsel. The question then is, is the defendant bound by this waiver? What is the presumption? Is it that his counsel was authorized by defendant to make the waiver, and the defendant is bound by it unless he shows that in fact he did not so authorize it."

In Crawford v. State, 161 Texas Cr. Rep. 554, 278 S.W. 2d 845, we had before us the testimony on the motion for new trial by which it affirmatively appeared that accused's court-appointed counsel did not discuss the case with him and therefore was not authorized to waive the requirements of Art. 12, V.A.C.C.P. In the case at bar we have no such showing.

We have concluded that Spencer v. State, 154 Texas Cr. Rep. 427, 227 S.W. 2d 552, is here controlling and the stipulation is sufficient.

Appellant's remaining complaints relate to the cross examination of his wife as a witness by a state's counsel.

Appellant first complains of the following question asked his wife on cross examination after she had testified that both she and her husband had been in jail since the date of the alleged offense: "Q. You didn't know what his testimony was going to be on this trial and neither did he know what your testimony was going to be, did he?" Appellant objected to this question on the ground that it was a direct reference to his failure to testify and moved for a mistrial. The objection and motion were by the court overruled and the question was unanswered by the witness. We do not construe the question as a reference to appellant's failure to testify and perceive no reversible error therein. The appellant had not at the time failed to testify and state's counsel had no way of knowing that he would not take the stand before closing.

Appellant also complains of the court's action in permitting State's counsel to cross examine the wife with reference to whether she and the appellant communicated with each other while in jail about the evidence in the case through her sister who visited them, over the objection that such line of questioning was not in response to any direct testimony given by her. The record reflects that the wife, in answer to the questioning, denied any communication with the appellant through the sister who visited them in jail. While under the provisions of Art. 714, V.A.C.C.P. the cross examination of appellant's wife should have been restricted to matters testified to by her in her direct testimony, the question was clearly propounded to test the truth of her testimony and her denial and negative answers to the questions did not constitute giving evidence against the appellant; hence no reversible error is shown. Puckett v. State, 131 Texas Cr. Rep. 242, 97 S.W. 2d 214.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.