PABLO F. MENDOZA V. STATE

No. 31,556. February 24, 1960

W. T. Briggs, Port Arthur, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

Officer Holmes of the Port Arthur police testified that he arrived at the scene of an automobile wreck at 4:30 A.M. on the morning in question, found appellant being put in an ambulance, asked him if he "was driving the car"; that appellant said he was, and he was then carried away to the hospital. He stated further that his investigation at the scene revealed that appellant's automobile had hit a maroon colored automobile parked at the curb under a street light and knocked it into the neighbor's yard. Holmes further testified that following this he went to the hospital where he talked to appellant, that "I could smell he had been drinking"; that appellant said he had been to a party, had been drinking, and from his observations of appellant concluded that he was intoxicated. Appellant was arrested some days later after his release from the hospital.

Officer Mitchell testified that at the scene appellant told him he was the driver of the automobile which had collided with the parked vehicle and that he was alone; that when he and his partner followed appellant to the hospital he talked to appellant again, noticed a strong smell of intoxicants about his person; that appellant told him he had not seen the automobile which he hit, that he had been to a party and "had a few drinks"; that appellant spoke incoherently, was slow in answering questions and talked "like he was tongue tied" and "like a person that was drunk," and expressed the opinion that appellant was intoxicated.

Mrs. Holloway testified that she was awakened by a crash in front of her house and discovered that her automobile which had been parked at the curb had been knocked into her neighbor's yard, that two or three days after the collision appellant came to her house and spoke about repairing her automobile, that while he was there she asked him "where in the world had you been at that time in the morning." that appellant had hung his head and told her his wife was sick and he was "out to have a little fun," had been to a party at the home of some relatives where he had had something to drink, and that he had not seen her automobile prior to striking it on his way home from the party.

Appellant, testifying in his own behalf, stated that he had gone by a party at his brother-in-law's house at about 9:00 P.M. on the night in question but had stayed only a few minutes, had then gone home, drunk a beer and gone to bed. He stated that he got up at four o'clock the next morning, went to a cafe, found it to be closed, and was on his way back home when he went to sleep and drove into the parked automobile. He stated that some people pulled him out of his automobile, and he asked that he be taken to the home of his friend Pete Delacruz who lived nearby and that it was from there that he was carried to the hospital, after which time he remembered nothing until the next Monday. He admitted on cross-examination that he had told Mrs. Holloway that this was the first time he "had been able to get out for a little fun, and all this had to happen."

Appellant's wife corroborated his testimony about having been at home that night, but neither Dalacruz nor the brother-in-law were called as witnesses.

Appellant contends that the evidence is insufficient to support the jury finding that appellant was intoxicated and relies upon the recent opinion of this court in Vasquez v. State, 166 Tex. Cr. Rep. 89, 311 S. W. 2d 828. In Vasquez, we held the evidence insufficient because the only witness who expressed the opinion that accused was intoxicated based his opinion upon facts which were as consistent with injury as with intoxication. In the case at bar, we have an accused who runs into a parked automobile in a well lighted street, tells three people that he had been to a party where he had done some drinking, and was on his way home at 4:30 in the morning. Two of these witnesses express the opinion that appellant was intoxicated because he talked like a person who was drunk. In Vasquez, we were careful to spell out the description of accused's conduct which was more indicative on mental derangement than the standard symptoms of intoxication.

We hold that the jury in this case was authorized to conclude from the above testimony that appellant was intoxicated.

Appellant's formal bill of exception to argument cannot be considered because it was filed after the 90 days provided in Article 760d, V.A.C.C.P.

Find no reversible error, the judgment is affirmed.