**Louise CARTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39122.

Court of Criminal Appeals of Texas.

Jan. 26, 1966.

———◆———

Leland D. Sutton, Abilene (on appeal only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

Appellant was convicted of the misdemeanor offense of contributing to the delinquency of a minor. Punishment was assessed at a fine of $50.00.

Appellant's counsel points out that the jurat to the complaint purports that the oath was administered by "County Attorney for Jones County, Texas", but the jurat is wholly without signature. The record reflects the absence of a signature.

Article 415, Vernon's Ann.C.C.P., provides that no information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. We had a similar record before us in Ex Parte Bozeman, 166 Tex.Cr.R. 270, 313 S.W.2d 300, where the complaint was signed but was not sworn to. This Court, speaking through Judge Woodley held: "An unsworn complaint cannot be the basis of criminal prosecution in the corporation court and the judgment rendered thereon is void." Also, see Evans v. State, 160 Tex.Cr.R. 353, 271 S.W.2d 429.

The State submits that appellant is correct in her brief.

For the reason stated, the judgment is reversed and the prosecution under this information ordered dismissed.