**Teddy Joe ALEXANDER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39310.**

Court of Criminal Appeals of Texas.

March 2, 1966.

Rehearing Denied April 27, 1966.

Charles W. Tessmer, Dallas (On Appeal Only), Frank S. Wright, Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., Tom F. Reese, Charles L. Caperton and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for the subsequent offense of drunk driving, a felony; the punishment, one year in jail and a fine of $200.

The sufficiency of the evidence to support the conviction is challenged.

It was shown by the state's testimony that while driving a pickup truck upon a public street and highway in Dallas County, appellant was involved in a collision with another motor vehicle. The collision occurred around 12:40 a. m. on Industrial Boulevard, a six-lane divided highway, when appellant's vehicle—while traveling north—crossed over into the lanes of traffic for southbound vehicles and collided with an Oldsmobile automobile.

Alfred Shelby, who was traveling north on the highway and witnessed the collision, testified that when he went to appellant's pickup after the accident he (appellant) was lying on the ground with his feet up in the truck. He stated that at such time appellant groaned like he was hurt. He further stated that he did not see appellant walk or hear him talk, and expressed no opinion as to appellant's sobriety.

Otto Brown, another witness to the collision who observed appellant at the scene, gave a similar description of his appearance but stated that he could not say that appellant was drunk.

Officer J. H. Martin testified that as the result of a call received at 12:45 a. m., he went to the scene, where he helped put appellant in an ambulance to be carried to Parkland Hospital. Officer Martin testified that when he got near appellant he could smell a strong odor of alcoholic beverages but that he did not talk to appellant and formed no opinion as to his sobriety.

Officer William A. Smith testified that he went to the scene of the accident and from there to Parkland Hospital, where he talked to the appellant, who was on a roller table covered with a sheet. At such time appellant complained of pains in his left leg and arm. Officer Smith testified that appellant was not under arrest and that when he asked him how the accident happened appellant first said there had not been an accident and then said "the reason he had the accident was he couldn't see because of fog. His windshield wipers didn't work." The officer stated that on the night

in question there was no fog. He further stated that at the time he talked to appellant at the hospital his speech was slurred and "incoherent in places" and that he was cursing a lot. The officer further stated that appellant's breath had a strong odor of alcoholic beverage and that he said he had been drinking beer. The officer expressed his opinion that appellant at the time was "very intoxicated."

Proof was made of the prior misdemeanor conviction alleged in the indictment.

Testifying as a witness in his own behalf, appellant stated that the reason for his driving over into the wrong lane of traffic was that he fell asleep. He stated that he had had nothing to drink and was not intoxicated. He also stated that he was unconscious after the collision until 4 or 5 o'clock that morning and did not remember seeing any officer and if he did any cursing it was because of pain and agony from a leg injury.

It is insisted that the evidence is insufficient to sustain the conviction because Officer Smith, the only witness to express an opinion that appellant was intoxicated, based his opinion upon facts which were as consistent with injury as with intoxication. Vasquez v. State, 166 Tex.Cr.R. 89, 311 S.W.2d 828, and other cases recognizing the rule announced therein are cited in support of his contention.

We do not agree that Vasquez v. State, supra, is here controlling, under the facts. In Vasquez v. State it was undisputed that following an accident the accused was unconscious in the hospital before he was observed by the witness who expressed the opinion that he was intoxicated.

In the instant case there is a dispute in the testimony as to whether appellant was conscious or unconscious after the accident. Appellant swore that he was unconscious, while Officer Smith swore that he was conscious. This fact, alone, distinguishes the case from Vasquez, supra.

■ The evidence is sufficient to establish the corpus delicti and support the judgment of conviction.

The judgment is affirmed.

Opinion approved by the Court.

MORRISON, Judge (dissenting).

I am unable to distinguish this case from the unanimous opinion of this Court in Vasquez v. State, 166 Tex.Cr.R. 89, 311 S.W.2d 828, upon which appellant relies. In Vasquez, as in the case at bar, there was evidence that the accused had been drinking, but the only witness who testified that in his opinion appellant was intoxicated, arrived at his opinion from facts which were just as consistent with injury as with intoxication. In both cases there were other witnesses who had an opportunity to observe the appellant, and they were not called. The distinction sought to be made by the majority opinion is without validity.

I further dissent because appellant did not personally join in the stipulation as to the prior conviction.

I respectfully dissent.

ON APPELLANT'S MOTION
FOR REHEARING

McDONALD, Presiding Judge.

Appellant urges that the majority has failed to distinguish the material facts in this case from those in the case of Vasquez v. State, 166 Tex.Cr.R. 89, 311 S.W.2d 828, where a conviction for driving while intoxicated was reversed because of insufficient evidence.

The evidence in Vasquez shows that two witnesses who had been in the company of that defendant prior to his automobile accident, and had had ample opportunity to form an opinion as to whether or not he was intoxicated, refused to testify that he was drunk. The only witness who expressed an opinion that Vasquez was intoxicated

based his opinion on the fact that Vasquez smelled of beer and that his conduct at the hospital was irrational. "In Vasquez, we were careful to spell out the description of accused's conduct which was more indicative of mental derangement than the standard symptoms of intoxication." Mendoza v. State, 169 Tex.Cr.R. 88, 332 S.W.2d 335, 337. The fact that Vasquez was unconscious when the patrolman went to the hospital to interview him, and apparently remained in that state until almost two hours after the accident, is significant in that it tends to show that Vasquez suffered injuries which would account for this irrational behavior. Moreover, there was testimony that this abnormal behavior continued long after the accident and that appellant's conduct was still irrational at the time of his trial. Considering this evidence, this Court concluded that the jury could not find, *beyond a reasonable doubt,* that Vasquez was intoxicated.

We remain convinced that the evidence in this case does not preclude such a finding. Here, witness Brown testified that appellant drove his automobile as if he were drunk, and the record bears out this opinion and does not support appellant's contention that he fell asleep at the wheel. Officer Martin testified that he noted a strong smell of alcohol when he approached appellant at the scene of the accident, but he did not have sufficient opportunity to observe appellant to form an opinion as to whether he was intoxicated. Officer Smith did have such an opportunity at the hospital, and his testimony of appellant's slurred speech, strong alcoholic breath, and conduct comport much more strongly with a conclusion that appellant was "very intoxicated" than did the testimony in Vasquez. Completely absent here is evidence that appellant's irrational behavior persisted past a reasonable "sobering-up" period.

Appellant also urges that this Court erroneously affirmed his conviction because the state failed to prove that he had been previously convicted of the misdemeanor offense of driving while intoxicated, as alleged in the indictment.

At the beginning of the trial, the following transpired:

(COUNSEL FOR STATE): "This is stipulated. In other words, that means both sides have agreed to this. This is in evidence just as if we brought the witnesses in here to testify to it and prove it up."

"It is hereby agreed and stipulated by and between Counsel for the Defendant and Counsel for the State and by the Defendant himself in open court that if the Clerk of the County Criminal Court of Dallas County, Texas were present in Court and sworn as a witness, she would testify that in a case on the docket of said Court No. 72479 on the 21st day of December, 1962 in the County Criminal Court, in Dallas County, Texas and the style of the case, State of Texas versus Teddy Joe Alexander, she would testify that this is one and the same Teddy Joe Alexander and was convicted in that Court on the 21st day of December, 1962 of the misdemeanor offense of driving and operating a motor vehicle while intoxicated and under the influence of intoxicating liquor. She would further testify that the Court then and there had jurisdiction and this conviction occurred and the judgment thereon became final prior to the first day of February, 1964 which is the date of the offense alleged in this indictment."

(THE COURT): "Is that agreed to by?"

(COUNSEL FOR APPELLANT): "That is agreed to by."

(THE COURT): "All right, all sides, that is the facts so, it will be unnecessary for any further proof of that."

■ Trial judge and prosecutor were careful to explain, in layman's terms, the effect the stipulation would have on the conduct of the trial. The stipulation dictated by the prosecutor specified that both

counsel and appellant were parties to the agreement. While appellant did not personally voice his assent, but remained silent throughout this colloquy, we have concluded that this stipulation by appellant's counsel, and appellant's acquiescence thereto, are sufficient to obviate the necessity for further proof of the prior conviction. Locke v. State, 168 Tex.Cr.R. 507, 329 S.W.2d 873. This case is unlike Brookhart v. Janis, 86 S.Ct. 1245, April 18, 1966, where it was held that counsel does not have the power to waive his client's constitutional right to have a trial in which he can confront and cross-examine the witnesses against him, because, in that case, the waiver by counsel was found to be contrary to the desires of his client as expressed in open court.

Appellant's motion for rehearing is overruled.