**David CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40180.**

Court of Criminal Appeals of Texas.

March 29, 1967.

Stanley I. Weinberg (on appeal only), Dallas, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for burglary; the punishment twelve years.

As grounds for reversal, the appellant contends that the court erred in admitting certain testimony of police officers over his objection that the matters revealed in said testimony occurred outside of his presence and was hearsay, having been obtained by them from telephone calls and police radio broadcasts which led to appellant's arrest.

Dorothy Jenks testified that about 10:25 a. m. she observed a car occupied by two Negro males backing into the driveway at her home and noted its first three license numbers and later got all the numbers; that while she was talking by telephone with Officer Behringer, the passenger knocked on the front door, and then the driver (whom she identified at the trial as the appellant) came to a window at the side of the house. The witness Jenks further testified as follows:

"Q    All right.  After you heard him (appellant) getting in there, and with your Real Kill Spray—that's one of those aerosol spray bombs things that spews out?

"A    Yes, it is.

\*    \*    \*    \*    \*    \*

"Q    All right, what did you do with the aerosol bomb of Real Kill?

"A    Punched it down, squirted it in his face and he just fell back and he . ran to the car, like he was going out the drive way.

"Q    All right, now, and all of this time was the telephone call open to the Dallas Police Department?

"A    Yes, it was.

"Q State the facts as to whether or not you had, whether in fact you did have a conversation with Lieutenant Behringer of the Burglary & Theft Department?

"A I did.

"Q All right, and did you tell him what had transpired there?

"A Yes, I did.

"Q Did you give him the license number that you had written down from this car?

"A Yes, I did. I gave him the first three numbers. And then he told me to get the others, and I did.

"Q And you went back and got the numbers, is that right?

"A Yes, sir.

"Q When did you get the numbers, as they were driving away?

"A As they were driving away."

On cross-examination Dorothy Jenks testified in part as follows:

"Q Now, when did you see the other three numbers on that license plate?

"A When they were going out of the driveway.

"Q While you were talking on the telephone?

"A Yes, sir. He (Officer Behringer) told me to get the other numbers, so I got the other numbers."

Officer Behringer testified that following the telephone conversation with Dorothy Jenks he caused a broadcast of the license number of an automobile to be made over the police radio.

There was no objection made to the admission of the foregoing testimony of Dorothy Jenks, and the information given in the radio broadcast did not include anything not contained in the testimony of Dorothy Jenks as it is shown herein. No error is presented.

■ Error is also urged on the ground that the court erred in "admitting into evidence on a separate hearing on punishment before the jury after a finding of guilt as provided by Article 37.07(2) (b), [Vernon's Ann.] C.C.P., 1965, stipulations as to prior felony convictions of Appellant where said stipulations were not in writing, Appellant had not testified in the trial on the questions of guilt or innocence and had not taken the stand in the separate hearing on punishment, and Appellant did not personally join in the stipulations nor specifically waive his right to the confrontation of witnesses nor his right against self-incrimination."

After the return of the verdict of guilty by the jury, the following evidence was all that was introduced before the jury on the issue of punishment, and it was stipulated:

"State's Counsel: We have a stipulation. I assume that we can enter into at this time.

"The Court: Very well, enter into your stipulated testimony.

"State's Counsel: It is agreed by and between counsel for the state, counsel for the defendant, and the defendant, in open court, that this defendant has been previously convicted in 1955 of the offense of burglary and served a term of years in the Texas State Penitentiary for that offense; and, again, convicted of the offense of burglary in 1959, and served a term of years in the penitentiary for that offense. Is that so stipulated?

"Appellant's Counsel: Yes.

"The Court: Is it agreed and stipulated to by both sides, and the defendant alike?

"Appellant's Counsel: Yes, sir.

"The Court: Very well. That stipulation will be entered into the record."

In considering a similar contention in Alexander v. State, Tex.Cr.App., 401 S.W. 2d 818, 821:

"The stipulation dictated by the prosecutor specified that both counsel and appellant were parties to the agreement. While appellant did not personally voice his assent, but remained silent throughout this colloquy, we have concluded that this stipulation by appellant's counsel, and appellant's acquiescence thereto, are sufficient to obviate the necessity for further proof of the prior conviction. Locke v. State, 168 Tex.Cr.R. 507, 329 S.W.2d 873."

The judgment is affirmed.