**James M. SMITHWICK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 3-84-206-CR.**

Court of Appeals of Texas, Austin.

April 3, 1985.

4. Tex.Educ.Code Ann. §§ 51.201, 51.202, 51.205, 51.206, 51.208 (1972).

Laird Palmer, Austin, for appellant.

Ken Oden, County Atty., Berkley B. Bettis; Asst. County Atty., Austin, for appellee.

Before POWERS, EARL W. SMITH and CARROLL, JJ.

EARL W. SMITH, Justice.

James Smithwick appeals a judgment of conviction for operating a massage establishment in Travis County without having a valid massage parlor license issued by the Sheriff. Trial was to a jury, which found the defendant guilty. Punishment was assessed by the court at confinement in the county jail for 30 days and a fine of $1,000.00, with imposition of sentence as to confinement probated. Because the State failed to allege and prove an element of the offense, the judgment of conviction must be reversed and reformed to show an acquittal.

In his ground of error number 7, Smithwick asserts that the "information and complaint are fundamentally defective, and failed to state an offense, for failing to allege a necessary element of the offense, *i.e.*, that the massage establishment in the instant case was located in an 'unincorporated territory in the County.' " We agree.

By virtue of Tex.Rev.Civ.Stat.Ann. art. 2372v, § 2 (Supp.1985), the commissioners courts of the counties of the State received power to adopt by their order regulations "applicable to the practice of massage and operation of massage establishments in unincorporated territory in the county." The statute specifically authorizes the regulations to include licensure by the Sheriff of the county. The statute also lists several "exemptions" to which "ordinances" adopted by the commissioners court may not apply; presumably the word "ordinances" is equivalent to "regulations." Section 2(c) of the statute provides that a person who violates a regulation adopted under the statute commits a violation of the statute itself—a Class B misdemeanor.

Before the act charged against Smithwick in the present appeal, the Commissioners Court of Travis County exercised the power given it by art. 2372v, § 2, and adopted a body of regulations that govern the practice of massage and the operation of massage establishments. Section 3 of the Travis County regulations specifically provides that they *"apply* in the unincorporated territory in Travis County, Texas" (emphasis added); § 5 of the regulations contains exceptions consistent with the "exemptions" listed in the statute; § 6(1) of the regulations provides that "[i]t shall be unlawful for any person to operate a massage establishment without a valid Massage Parlor License therefor issued by the Sheriff in accordance with the" regula-

tions; and § 66 provides that the violation of any provision of the regulations constitutes a Class B misdemeanor.

■ Omitting formal parts, the complaint and information alleged that

... on or about the 29th day of April, A.D.1981, ... James Smithwick did then and there intentionally and knowingly operate a massage establishment, to-wit: the Velvet Touch located at 15416 N. IH 35, unlawfully without having a valid Massage Parlor License issued by the Sheriff of Travis County in accordance with the Regulations of Travis County, Texas for Massage Parlors, namely: Sections two, three, six, sixty-six and sixty-eight as established by order of the Travis County Commissioners' Court on September 22, 1980, ...

The complaint and information do *not* allege that the operation of the massage establishment occurred in an unincorporated area of Travis County. We find that the statute and ordinance promulgated pursuant thereto makes the operation of a massage establishment an offense *only* if the establishment is operated in an *unincorporated* area. The complaint and information are fundamentally defective for their failure to charge appellant with committing an act that is prohibited only if done in an unincorporated area. *Vinson v. State*, 626 S.W.2d 536, 537 (Tex.Cr.App.1981); *Hodge v. State*, 527 S.W.2d 289, 292 (Tex.Cr.App. 1975); *Shane v. State*, 513 S.W.2d 579 (Tex.Cr.App.1974); *Morris v. State*, 161 Tex.Cr.R. 648, 280 S.W.2d 255 (1955). During argument, the attorney for the State so agreed.

■ In ground of error number 8, Smithwick asserts that the evidence was insufficient because there was no evidence that the alleged massage parlor was located in an unincorporated area of Travis County. As shown above, such fact is an essential element of the offense which the State had to prove. No witness testified that the alleged massage parlor was located in an unincorporated area of Travis County. Although Deputy Richard Gruetzner testified as to the address of the establishment and that the establishment was in Travis County and outside the city limits of Austin, this in no way proves that the establishment was in an unincorporated area of Travis County. Moreover, though the State requests this Court to take judicial notice of the fact that the address of the establishment was in an unincorporated area of Travis County, we cannot comply with such request. *Freeman v. McElroy*, 149 S.W. 428 (Tex.Civ.App.1912, writ ref'd).

Therefore, even if the information had alleged that the establishment was in an unincorporated area of Travis County, the State failed to prove this necessary element of the offense. Thus, Smithwick is entitled to an acquittal. *Foster v. State*, 635 S.W.2d 710, 714 (Tex.Cr.App.1982, on motion for rehearing).

■ In ground of error 5, Smithwick contends that art. 2372v, *supra*, and the Travis County ordinance promulgated thereunder are unconstitutional because they provide different criminal penalties for the same conduct in different geographical locations in the State. The constitutionality ground will not be determined in any case unless such determination is absolutely necessary to decide the case in which the issue is raised. *Ex Parte Salfen*, 618 S.W.2d 766, 770 (Tex.Cr.App.1981); *Taylor v. State*, 172 Tex.Cr.R. 461, 358 S.W.2d 124 (1962).

In view of our disposition of this case, the remaining grounds of error need not be discussed.

The judgment of conviction is reversed and reformed to show an acquittal.