NUMBER
13-01-683-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

JASON CLAY BROWN,                                                         Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

         On appeal from the County Court of Wharton
County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

        Before
Chief Justice Valdez and Justices Dorsey and Rodriguez

                                Opinion
by Justice Rodriguez

 








Appellant, Jason Clay Brown, was charged with the misdemeanor
offense of driving while intoxicated (DWI). 
A jury found Brown guilty, and the trial court sentenced him to thirty
days in jail, probated for one year.  By
three points of error, Brown generally contends the trial court erred in
finding the evidence legally and factually sufficient to sustain a conviction
for DWI, and there was a factual and legal variance between the allegations
pled by the State and the proof at trial. 
We affirm.

I. FACTS

At approximately 11:30 p.m. on March 30, 2001, DPS Trooper
Daniel G. Terronez stopped Brown for a traffic violation.  Trooper Terronez testified Brown=s truck
straddled the middle of the road, did not come to a complete standstill at a
stop sign, and made a wide turn into the other lane.  

As the trooper approached the vehicle, he experienced Aa real strong
odor of burnt marijuana@ from the
truck.  When Brown stepped out of the
truck, Trooper Terronez noticed Brown=s eyes were
reddened and glassy, that he walked slowly, and that he seemed dazed and
confused.  Shortly thereafter, as Trooper
Terronez interviewed Brown=s passenger,
Chris Canales, he discovered marijuana seeds in the vehicle=s ashtray and
on its floor.  The trooper=s observations and  physical evidence
of marijuana prompted him to place Brown under arrest for driving while
intoxicated. 

II. LEGAL SUFFICIENCY

By his first point of error, Brown contends the evidence is
legally insufficient to support his conviction. 
Specifically, Brown argues the State failed to prove Athat marijuana
is a controlled substance, drug, or a dangerous drug as required by  statute.@  See Tex.
Pen. Code Ann. ' 49.01(2)(A)
(Vernon 1994 & Supp. 2002). 

A. Legal Sufficiency Standard of Review








In evaluating the legal sufficiency of the evidence, we must
view the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  See
Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App.
2000).  

B. Analysis

       A person commits DWI if the person is
intoxicated while operating a motor vehicle in a public place.  Tex. Pen. Code Ann. ' 49.04(a) (Vernon 1994 & Supp. 2002).  The Texas Penal Code defines Aintoxicated@ as Anot having the
normal use of mental or physical faculties by reason of the introduction of
alcohol, a controlled substance, a drug, a dangerous drug, a combination
of the two or more of the substances, or any other substance into the body.@  Tex. Pen. Code Ann. ' 49.01(2)(A)(emphasis added). 

In this case, Trooper Terronez testified he observed Brown
straddle the middle of the road, roll through a stop sign, and make a wide turn
into the other lane.  Trooper Terronez
stopped Brown and experienced Aa real strong
odor of burnt marijuana@ as he
approached the truck.  Trooper Terronez
noticed that Brown=s eyes were
reddened and glassy and that Brown seemed dazed and confused.  The trooper=s observations and the physical evidence
of marijuana he found prompted him to place Brown under arrest for DWI.  Opinion testimony of the arresting officer,
standing alone, is sufficient to prove the element of intoxication.  Irion v. State , 703 S.W.2d 362, 364 (Tex. App.BAustin 1986, no
pet). 








After proving that Brown was intoxicated by reason of
marijuana, the State was not required to go further and prove that marijuana
was in fact a narcotic drug.  See Reyna v. State, 434 S.W.2d 362, 366 (Tex. Crim. App.
1968); Locke v. State, 329 S.W.2d 873, 874 (Tex. Crim. App. 1959). 

Thus, viewing the evidence in the light most favorable to the
verdict, we hold the jury could have found the essential elements of the crime
beyond a reasonable doubt.  See
Jackson, 443 U.S. at 318.  Brown=s first point
of error is overruled.

III. FACTUAL SUFFICIENCY

By his second point of error, Brown argues the evidence is
factually insufficient to prove Athat marijuana
is a controlled substance, drug, or a dangerous drug as required by  statute@  Tex. Pen. Code Ann. ' 49.01(2)(A). 

A. Factual Sufficiency Standard of Review








In evaluating the factual sufficiency of the evidence, this
court must complete a neutral review of all the evidence.  King v. State, 29 S.W.3d 556, 563
(Tex. Crim. App. 2000) (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000)). Weighing all of the evidence, we must then determine whether
the proof of guilt is so weak either as to undermine confidence in the fact
finder=s determination
or whether the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof.  Id.  However, we are not free to reweigh the
evidence and set aside a jury verdict merely because we feel a different result
is more reasonable.  See id.  Only when this Court determines that the
verdict is against the great weight of the evidence presented at trial so as to
be clearly wrong and unjust can
we set aside a verdict for factual insufficiency.  Santellan v. State, 939
S.W.2d 155, 164-65 (Tex. Crim. App. 1997).  A clearly wrong and unjust verdict is Amanifestly
unjust,@ Ashocks
the conscience,@ or
Aclearly
demonstrates bias.@  Rojas v. State, 986
S.W.2d 241, 247 (Tex. Crim. App. 1998); Santellan, 939 S.W.2d at 165.

B. Analysis

Based on our analysis above, and after impartially
reviewing all of the evidence and giving proper deference to the verdict, we
conclude that the verdict is not so obviously weak or greatly outweighed by
contrary proof as to indicate that a manifest injustice has occurred.  King, 29 S.W.3d at
565; Rojas, 986 S.W.2d at 247.  Brown=s
second point of error is overruled.

IV. VARIANCE BETWEEN INDICTMENT AND EVIDENCE

By his third point of error, Brown contends there
was a fatal variance between the allegations pled by the State and the proof at
trial.  Specifically, Brown claims that
the indictment charged him with DWI Aby
reason of introduction of a controlled substance, a drug, or a dangerous drug,@
while the evidence did not show that marijuana is a controlled substance, a
drug, or a dangerous drug as required by the statute.  

A. Variance Standard of Review








A variance between the indictment and the evidence
at trial may be fatal to a conviction, because due process guarantees the
defendant notice of the charges against him. 
Rojas v. State, 986 S.W.2d 241, 246 (Tex. Crim.
App. 1998); Stevens v. State, 891 S.W.2d 649, 650 (Tex. Crim. App.
1995).  However, not every
variance between the indictment and the proof is fatal.  Rojas, 986 S.W.2d at
246.  Only a material variance,
which operates to the defendant=s
surprise or prejudices his rights, is fatal. 
See Santana v. State, 59 S.W.3d 187, 195 (Tex. Crim. App. 2001);
Rojas, 986 S.W.2d at 246; Human v. State, 749 S.W.2d 832, 837 (Tex.
Crim. App. 1988). The rigid rule that a mere or slight variance between what
was alleged and what was proven is sufficient to render the evidence
insufficient no longer applies.  Human,
749 S.W.2d at 836. 


B. ANALYSIS

In order for a variance between the pleadings and
the proof to exist so that the evidence is insufficient to sustain what was
alleged, the variance must be material and prejudicial  to the defendant.  Id. 
There must be a real and tangible difference between the allegations in
the pleadings and the proof offered in support thereof.  Id. 

We find no material or prejudicial variance between
the pleadings and the evidence in this case. 
Proof of intoxication by marijuana is proof of intoxication by reason of
a controlled substance, drug, or dangerous drug.  See Tex.
Pen. Code Ann. '
49.01(2)(A); Tex.
Health & Safety Code Ann. ''
481.002(5), 481.032(31) (Vernon Supp. 2002); Gonzalez v. State, 323
S.W.2d 55, 56 (Tex. Crim. App. 1959) (marijuana is a narcotic drug).  Therefore, the State=s
indictment did not materially vary from the proof.  Brown=s
third point of error is overruled.  

V. CONCLUSION








The evidence is legally and factually sufficient to
sustain the jury=s
determination that Brown was guilty of DWI. 
No material or prejudicial variance exists between the pleadings and the
evidence in this case.  Accordingly, we
affirm the trial court=s
judgment.

NELDA V. RODRIGUEZ

Justice

 

Do
not publish.

Tex. R. App. P. 47.3.

 

Opinion
delivered and filed 

the 1st day of August, 2002.