NO. 07-10-00506-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 24, 2012

LONNIE MOORE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2007-443,638; HONORABLE J. BLAIR CHERRY, JR., JUDGE

Before QUINN, C.J., and CAMPBELL, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Lonnie Moore appeals from his conviction of the misdemeanor offense of driving while intoxicated and the resulting sentence of 180 days in county jail and a $2000 fine. Through one issue, he contends the evidence was insufficient to support his conviction. We will affirm.

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

## Background

Appellant was charged in an information with driving while intoxicated. He plead not guilty and was tried in a bench trial in December 2010.

At trial, a Lubbock police corporal testified he was patrolling around midnight on a February night when he saw a damaged light pole. He also saw debris near the pole, including a license plate and pieces of a car grille. The license plate was later matched to appellant's car. The officer also noticed a trail of fluid leading away from the scene. Another officer testified he followed the trail for about three miles, and located a car, moving slowly in the right-hand lane. The front of the car was damaged and emitting smoke. The two right tires were flat and the car was bouncing as it moved. When the officer turned on his lights to initiate a traffic stop, appellant stopped the car in the middle of the lane.[2]

The officer approached appellant and saw the inside of the vehicle was cloudy because the airbag had deployed. Appellant told the officer he had been at a friend's house and was headed home. After first denying it, appellant admitted he had hit a pole. The officer noticed a moderate odor of alcohol on appellant's breath, and appellant was unsteady on his feet and was talking loudly. Appellant did not produce a driver's license.

---

[2] The officer did note that because of light traffic at that hour, he "didn't feel like it was an unsafe spot at that time." He did testify, however, it was not common for drivers to stop in the middle of the lane when he initiates a traffic stop.

After agreeing to perform field sobriety tests, appellant became agitated during the one-leg stand test, refused to perform it, and asked to be taken to jail. At the police station, appellant refused to take a breath test but did make a statement to the officer. He admitted to drinking "a couple of beers" earlier that day. He also admitted he was taking medication. At one point, he asked the officer "[i]s this February?"

The trial judge found appellant guilty as charged and sentenced him to 180 days in the county jail and imposed a $2000 fine. This appeal followed.

Analysis

Appellant argues the evidence presented at trial was insufficient to show he was intoxicated. In support of his argument, appellant emphasizes that his behavior that night was consistent with his normal behavior or with injury. We find the evidence sufficient to support his conviction.

A sufficiency review requires the appellate court to determine whether, considering all of the evidence in the light most favorable to the verdict, a fact finder is rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 895 (Tex.Crim.App. 2010). In conducting this review, we must defer to the trier of fact's role as the sole judge of the credibility and weight that testimony is to be afforded. *Id.* The trier of fact may draw multiple reasonable inferences from the evidence presented as long as each inference is supported by the evidence. *Hooper v. State*, 214 S.W.3d 9, 15 (Tex.Crim.App. 2007).

3

To establish the offense of driving while intoxicated, the State must prove the defendant was intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04(a) (West 2011); *Stoutner v. State*, 36 S.W.3d 716, 721 (Tex.App.--Houston [1st Dist.] 2001, pet. ref'd). The Texas Penal Code defines "intoxicated" as (1) "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body," or (2) "having an alcohol concentration of 0.08 or more." Tex. Penal Code Ann. § 49.01(2) (West 2001); *Russell v. State*, 290 S.W.3d 387, 396 (Tex.App.--Beaumont 2009, no pet.).

Here, the record contains the officer's observations and testimony concerning signs typically associated with alcohol intoxication. The evidence showed that after colliding with a light pole, appellant continued to drive his debilitated vehicle. When stopped, appellant first denied hitting the pole. He had a moderate odor of alcohol on his breath, bloodshot eyes and an unsteady stance, and was unable or unwilling to complete field sobriety tests. The officer testified he was acquainted with appellant, and that his behavior that night was unusually uncooperative and loud. Appellant had consumed alcohol and was taking medication. He also asked officers if the current month was February.

The officer said he considered appellant "too impaired to operate a motor vehicle." The officer's observations, combined with his twice-stated opinion that appellant was intoxicated, sufficiently support the judge's finding appellant was

4

intoxicated. *See Russell,* 290 S.W.3d at 397 (*citing Whisenant v. State*, 557 S.W.2d 102, 105 (Tex.Crim.App. 1977)) (affirming conviction on similar evidence*).*

Appellant relies on *Vasquez v. State,* 311 S.W.2d 828 (Tex.Crim.App. 1958), a case in which the court reversed the conviction for driving while intoxicated, concluding the facts presented there were as consistent with injury as with intoxication. Appellant argues the evidence was insufficient to show he was intoxicated while operating his car because his conduct that night was as consistent with his normal behavior or with injury as with intoxication. A rational fact finder might have drawn an inference appellant's conduct was indicative only of confusion or injury, but the inference he was intoxicated also was a reasonable inference to be drawn from the evidence. The State was not required to disprove other reasonable hypotheses for appellant's conduct. *Geesa v. State,* 820 S.W.2d 154, 158 (Tex.Crim.App. 1991), *overruled in part on other grounds Paulson v. State,* 28 S.W.3d 570 (Tex.Crim.App. 2000); *Zavala v. State,* 89 S.W.3d 134, 139 (Tex.App.—Corpus Christi 2002, no pet.).

Further, the trier of fact could have inferred from appellant's refusal to take a breath test that he believed he was intoxicated**.** Tex. Transp. Code Ann. § 724.061 (West 1999) (providing refusal of request to submit to breath or blood test is admissible at trial); *Bartlett v. State*, 270 S.W.3d 147, 153 (Tex.Crim.App. 2008) (concluding evidence of refusal to submit to breath test is relevant in DWI case as it "tends to show consciousness of guilt").

We conclude a rational fact finder could have found beyond a reasonable doubt appellant was intoxicated while he operated a motor vehicle. *See generally Chaloupka*

5

*v. State,* 20 S.W.3d 172 (Tex.App.—Texarkana 2000, pet. ref'd) (reasonable inferences from evidence presented was sufficient for fact finder to determine beyond a reasonable doubt defendant was guilty of driving while intoxicated). We overrule appellant's sole issue on appeal and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.